**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------

**LEHIGH VALLEY 1 LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION**

2100 Ponce de Leon Blvd, Suite 720
Coral Gables, Florida  33134

                      Plaintiff,

      v.

**WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007**

1177 N. Sixth Street
Whitehall, PA 18052,

                 Defendant.

------------------------------------------------------------

CIVIL ACTION

NO.   5:24-cv-02627-JLS

<u>**FIRST AMENDED COMPLAINT IN MORTGAGE FORECLOSURE**</u>

       Plaintiff Lehigh Valley 1 LLC, successor by assignment to Windstream Capital LLC, successor by assignment to the United States Secretary of Housing and Urban Development, successor by assignment to M&T Realty Capital Corporation ("LV1 LLC"), by and through its undersigned counsel, files this First Amended Complaint in Mortgage Foreclosure (the "Amended Complaint") against Defendant Whitehall Fiduciary LLC, as Trustee of Whitehall Trust u/t/a Dated August 1, 2007 ("Whitehall"), and avers as follows:

    **I.**      <u>**PARTIES, JURISDICTION AND VENUE**</u>

       1.      Plaintiff LV1 LLC is a Delaware registered limited liability company with a place of business at 2100 Ponce de Leon Blvd, Suite 720, Coral Gables, FL 33134.

2.      Plaintiff LV1 LLC's membership is comprised entirely of other limited liability companies, each of which is also registered and organized under the laws of the State of Delaware.

3.      The individual members of these Delaware LLCs are residents of Florida, New York, and Texas.

4.      Importantly, no member of Plaintiff, nor any member of the Delaware LLCs that comprise Plaintiff, resides in the Commonwealth of Pennsylvania.

5.      Defendant Whitehall Fiduciary LLC, as Trustee of Whitehall Trust u/t/a Dated August 1, 2007 ("Whitehall") is upon information and belief a Pennsylvania trust with a last known place of business at 1177 N. Sixth Street, Whitehall, PA 18052.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2), as the real property that is the subject of this action is situated in this district.

## II.    FACTS

### a.  Procedural History

8.      This matter was initiated by Plaintiff LV1 LLC by the filing of a Complaint in Mortgage Foreclosure on June 14, 2024 (the "Original Complaint").

9.      On July 17, 2024, Defendant Whitehall filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"), in which the Defendant argues that there is somehow not total diversity (despite the fact that none of the parties share the same state of residence) and that Plaintiff somehow fails to

state a claim for which relief can be granted (despite this clearly being a mortgage foreclosure action).

10.    Plaintiff LV1 LLC files this Amended Complaint in order to address the issues raised by Defendant Whitehall.

### b. The Loan Transaction

11.    On or about January 26, 2012, M&T Realty Capital Corporation ("M&T") provided a loan in the principal sum of $15,788,700.00 (the "Loan") to Defendant Whitehall in accordance with the terms and conditions of that certain mortgage note dated January 26, 2012 (the "Note"). A true and correct copy of the original Note is attached hereto and made a part hereof as Exhibit "A".

12.    The Note was secured by, *inter alia,* a mortgage dated January 26, 2012 (the "Mortgage") on the real property located at 1177 6th Street, Whitehall, PA 18052 (the "Property"). A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B".

13.    Defendant Whitehall is the real owner of the land and improvements subject to the Mortgage.  A true and correct copy of the legal description of the Property is attached hereto and made a part hereof as Exhibit "C".

14.    The Mortgage was recorded in the Lehigh County Recorder of Deeds office on January 26, 2012 at Instrument No. 2012002759, *et seq*.

### c. The Assignments of the Loan

15.    The Note was assigned by M&T to the United States Secretary of Housing and Urban Development ("HUD") pursuant to that certain Allonge to Mortgage Note dated November 8, 2022, effective as of November 16, 2022 (the "HUD Allonge").  A true and correct copy of the HUD Allonge is attached hereto and made a part hereof as Exhibit "D".

16.     The Note was then assigned by HUD to Windstream Capital LLC pursuant to that certain Note Endorsement dated September 20, 2023 (the "Windstream Allonge").  A true and correct copy of the Windstream Allonge is attached hereto and made a part hereof as Exhibit "E".

17.     The Note was then assigned by Windstream Capital LLC to Plaintiff LV1 LLC pursuant to that certain Allonge to Mortgage Note dated May 15, 2024 (the "LV1 Allonge").  A true and correct copy of the LV1 Allonge is attached hereto and made a part hereof as Exhibit "F".

18.     The Mortgage was assigned by M&T to HUD pursuant to that certain Assignment of Mortgage dated November 8, 2022, effective as of November 16, 2022 (the "HUD Assignment"), which HUD Assignment was recorded by the Lehigh County Recorder of Deeds office on November 16, 2022 at Instrument No. 2022038363, *et seq*.  A true and correct copy of the HUD Assignment is attached hereto and made a part hereof as Exhibit "G".

19.     The Mortgage was then assigned by HUD to Windstream pursuant to that certain Assignment of Mortgage dated September 20, 2023 (the "Windstream Assignment"), which Windstream Assignment was recorded by the Lehigh County Recorder of Deeds office on October 30, 2023 at Instrument No. 2023025934, *et seq*.  A true and correct copy of the Windstream Assignment is attached hereto and made a part hereof as Exhibit "H".

20.     The Mortgage was then assigned by Windstream Capital to Plaintiff LV1 LLC pursuant to that certain Assignment of Mortgage dated May 15, 2024 (the "LV1 Assignment"), which Windstream Assignment was recorded by the Lehigh County Recorder of Deeds office on June 10, 2024, at Instrument No. 2024012857, *et seq*.  A true and correct copy of the LV1 Assignment is attached hereto and made a part hereof as Exhibit "I".

21.     Plaintiff LV1 LLC is the current holder of the Note and Mortgage by virtue of the above cited allonges and assignments.

### d. Defendant's Default of Its Obligations

22.    The Note and Mortgage required Defendant Whitehall to repay to M&T (now Plaintiff LV1 LLC by assignment) the principal balance and interest due in accordance with the terms set forth therein.

23.    Specifically, the Note required the Defendant to make the following payments:

Interest only payable on the first day of February, 2012. Commencing on the first day of March, 2012, monthly installments of interest and principal shall be paid in the sum of Sixty-Nine Thousand Eight Hundred Forty-Four and 95/100 Dollars ($69,844.95) each, such payments to continue monthly thereafter on the first day of each succeeding month until the entire indebtedness has been paid in full. In any event, the balance of the principal (if any) remaining unpaid, plus accrued interest, shall be due and payable on February 1, 2042. The installments of interest and principal shall be applied first to interest at the rate of three and thirty-eight hundredths per centum (3.38%) per annum upon the principal sum or so much thereof as shall from time to time remain unpaid and the balance thereof shall be applied on account of principal.

[Note, Exh. "A" at p. 1].

24.    Further, the Note states that: "If default be made in the payment of any installment under this Note, and if such default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice, at the option of the holder of this Note." [*id.,* at p. 2].

25.    Additionally, the Mortgage provides that:

It is also expressly agreed that if the Mortgagor should fail to pay any installment of principal and interest or payment due pursuant to covenant one above within thirty (30) days after the due date of such installment or payment, or if the Mortgagor should fail to perform any of the terms, conditions or covenants of the mortgage, the note, the building loan agreement, or the regulatory agreement, such failure shall constitute a default and in every such case, the whole principal debt shall, at the option of the Mortgagee, become due and payable immediately, and it shall and may be lawful for said Mortgagee forthwith to bring an Action of Mortgage Foreclosure, to sue out of a Writ of Scire Facias, or to institute other foreclosure proceedings upon this mortgage, and to proceed to judgment and execution for recovery of said principal debt, all interest thereon, all sums advanced for payment of any ground rent, taxes, water rents, charges, claims or insurance premiums as aforesaid, and all other recoverable sums, together with an attorney's commission for

collection, without further stay of execution or other process, any law, usage or custom to the contrary notwithstanding.

[Mortgage, Exh. "B", p. 7].

26.    Defendant Whitehall is in default of the Note and the Mortgage due to its failure to make the required payments of principal and interest as and when due thereon.

27.    Defendant has failed and refused to make monthly payments on account of the Loan, with the last payment directly and voluntarily made by the Defendant on February 5, 2021.

28.    Further, the Defendant's reserve account was subsequently offset by HUD when $813,690.94 was applied to the delinquent March, April and May 2021 monthly payments and to delinquent real estate taxes, causing the reserve account to then be depleted.

29.    The Defendant has not replenished the reserve account, nor made any further monthly payment on the Mortgage.

30.    Accordingly, the Loan was $1,727,249.73 past due as of July 2023, which was when the Loan was purchased by Windstream Capital LLC.

31.    Due to Defendant's defaults, this Loan was accelerated and demand was made for the immediate payment of all amounts due and owing in full.  A true and correct copy of the demand letter indicating same is attached hereto as Exhibit "J".

32.    Notwithstanding the demand, Defendant has continued to fail and refuse to make a single monthly payment of $69,844.95 due since July 2023, when the Loan was sold to Windstream Capital, LLC, and there is a current past due amount of over $2.4 million.

33.    Due to the Defendant's defaults, Plaintiff LV1 LLC's predecessor in interest filed a Complaint in Confession of Judgment against Defendant Whitehall by which a judgment in the amount of $14,237,255.99 was entered against Defendant Whitehall in Lehigh County,

Pennsylvania at Docket No. 2023-N-1365; however, the Confessed Judgment was subsequently stricken by the Lehigh County Court due to the Warrant of Attorney Clause found in the Loan Documents being deemed "not clear and conspicuous".

34.     The Lehigh County Court did not make any determinations regarding the enforceability of the Loan other than evaluating the validity of the Warrant of Attorney provision.

35.     Upon striking the Confessed Judgment, the Lehigh County action was terminated and the Lehigh County Court's jurisdiction over the matter terminated.

36.     There is nothing pending related to this action in any state court.

37.     Accordingly, Plaintiff LV1 LLC brings this action to foreclose the Mortgage.

38.     Notice pursuant to Act 6, 41 P.S. §101, et seq. was not required as the original principal balance of the Loan exceeds the statutory threshold.

39.     Notice pursuant to the Homeowner's Emergency Mortgage Assistance Act of 1983, 35 P.S. § 1680.401(c) et seq., as amended, was not required as the Property is not the principal residence of the Defendant.

40.     As a consequence of the above-described events of default, the amount due to Plaintiff LV1 LLC under the Note and the Mortgage is as follows:

| | |
|---|---|
| Original Principal Balance | $15,788,700.00 |
| Unpaid Principal Balance | $12,487,669.04 |
| Interest as of 6/7/24 | 1,329,562.12 |
| Taxes and Insurance | (72,073.34) |
| Late Charges | 50,288.40 |
| Other Charges | 500.00 |
| Attorney's Fees as of 6/7/24 | 36,404.46 |
| Total: | $13,832,350.68 |

Interest continues to accrue on the balance at the rate of $1,172.45 per diem.

41.     No prior judgment has been entered on said Note or Mortgage in any jurisdiction.

42.     Plaintiff has satisfied all conditions precedent to the commencement of this action.

## COUNT I – MORTGAGE FORECLOSURE

43.     Paragraphs 1 through 42 of this Complaint are incorporated herein by reference.

44.     Defendant  executed the Note, which is secured by the Mortgage, in favor of Plaintiff.

45.     Defendant has defaulted on its obligations due under the Note and the Mortgage, as well as the other Loan Documents.

46.     Plaintiff LV1 LLC is authorized by Mortgage and by Pennsylvania law to foreclose the Mortgage due to the Defendant's default.

47.     There is currently due and owing on the Loan the sum of  $13,832,350.68, together with accrued and accruing interest, default interest, fees, charges and costs recoverable under the Loan Documents.

48.     Plaintiff LV1 LLC, therefore, seeks an in rem judgment in mortgage foreclosure of the Property and in the amount of $13,832,350.68 for the purposes of setting the amount due on the writ of execution to be eventually filed in this matter so that the Property can be sold by the Marshal.

WHEREFORE, Plaintiff Lehigh Valley 1 LLC, successor by assignment to Windstream Capital LLC, successor by assignment to the United States Secretary of Housing and Urban Development, successor by assignment to M&T Realty Capital Corporation hereby demands an in rem judgment in mortgage foreclosure on the property located at 1177 6th Street, Whitehall, PA 18052, in its favor and against Defendant Whitehall Fiduciary LLC, as Trustee of Whitehall Trust u/t/a Dated August 1, 2007, and that judgment in the amount of $13,832,350.68, together with all costs, including reasonable attorneys' fees, and interest accrued through the date of judgment, be entered only for purposes of setting forth amounts due on the real property writ of execution, and for foreclosure and sale of said Property.

BERGER LAW GROUP, P.C.

By: _Phillip D. Berger_____
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA  19010
(610) 668-0800
Berger@BergerLawPC.com
*Attorneys for Plaintiff*

Dated: __**7/18/24**__

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------

**LEHIGH VALLEY 1 LLC, successor by**
**assignment to WINDSTREAM CAPITAL**
**LLC, successor by assignment to the UNITED**
**STATES SECRETARY OF HOUSING AND**
**URBAN DEVELOPMENT, successor by**
**assignment to M&T REALTY CAPITAL**
**CORPORATION**

CIVIL ACTION

NO.   5:24-cv-02627-JLS

2100 Ponce de Leon Blvd, Suite 720
Coral Gables, Florida  33134

                              Plaintiff,

              v.

**WHITEHALL FIDUCIARY LLC, AS**
**TRUSTEE OF WHITEHALL TRUST U/T/A**
**DATED AUGUST 1, 2007**
1177 N. Sixth Street
Whitehall, PA 18052,

                              Defendant.

-----------------------------------------------------------------

## CERTIFICATE OF SERVICE

I, Phillip D. Berger, Esquire, hereby certify that on the date set forth below, I did cause a true and correct copy of Plaintiff's First Amended Complaint to be filed with the Court's ECF system, where it was available for immediate viewing and download by all parties of record, including:

Rebecca J. Price, Esq.
NORRIS MCLAUGHLIN, P.A.
515 Hamilton Street, Suite 502
Allentown, PA 18101

BERGER LAW GROUP, P.C.

By:  *Phillip D. Berger*
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA  19010
(610) 668-0800
Berger@BergerLawPC.com
*Attorneys for Plaintiff*

Dated:   **7/18/24**

# EXHIBIT "A"

FHA Form No. 4171-D
Revised March 1971

# MORTGAGE NOTE

$15,788,700.00

Whitehall, Pennsylvania
as of January 26, 2012

FOR VALUE RECEIVED, the undersigned, **WHITEHALL FIDUCIARY, LLC, AS TRUSTEE OF WHITEHALL TRUST u/t/a dated August 1, 2007, a Pennsylvania trust, having an address at 1177 Sixth Street, Whitehall, Pennsylvania 18052,** hereinafter called the Maker, promises to pay to **M&T REALTY CAPITAL CORPORATION,** a corporation organized and existing under the laws of **Maryland, having an address at 25 South Charles Street, 17th Floor, Baltimore, Maryland 21201,** or order, hereinafter designated as the Payee, the principal sum of **Fifteen Million Seven Hundred Eighty-Eight Thousand Seven Hundred and No/100** Dollars (**$15,788,700.00**) with interest from date at the rate of **three and thirty-eight hundredths** per centum (**3.38**%) per annum on the unpaid balance until paid. The said principal and interest shall be payable in monthly installments as follows:

**Interest only payable on the first day of February, 2012. Commencing on the first day of March, 2012, monthly installments of interest and principal shall be paid in the sum of Sixty-Nine Thousand Eight Hundred Forty-Four and 95/100 Dollars ($69,844.95) each, such payments to continue monthly thereafter on the first day of each succeeding month until the entire indebtedness has been paid in full. In any event, the balance of the principal (if any) remaining unpaid, plus accrued interest, shall be due and payable on February 1, 2042. The installments of interest and principal shall be applied first to interest at the rate of three and thirty-eight hundredths per centum (3.38%) per annum upon the principal sum or so much thereof as shall from time to time remain unpaid and the balance thereof shall be applied on account of principal.**

**See Rider to Mortgage Note attached hereto and incorporated by reference herein.**

Both principal and interest under this Note, as well as the additional payments set forth in the mortgage, shall be payable at the office of **M&T Realty Capital Corporation,** ~~in~~ at P.O. Box 64269, Baltimore, Maryland 21264-4269 or such other place as the holder may designate in writing.

~~Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on principal next due, on the first day of any month prior to maturity upon at least thirty (30) days' prior written notice to the holder.~~ If this debt is paid in full while insured under the provisions of the National Housing Act, as amended, all parties liable for payment thereof agree to be jointly and severally bound to pay to the holder hereof such adjusted mortgage insurance premium as may be required by the applicable Regulations.

~~Notwithstanding any provision herein for a prepayment charge, such charge shall be applicable only to the amount of prepayment in any one calendar year which is in excess of fifteen per centum (15%) of the original principal sum of this Note.~~

Simultaneously with the execution of this Note the Maker has executed and delivered to the Payee a Mortgage secured upon certain premises situated in the county of **Lehigh**, Commonwealth of Pennsylvania, more particularly described in the Mortgage. All of the terms, covenants, provisions, conditions, stipulations and agreements contained in said Mortgage to be kept and performed provisions, conditions, stipulations and agreements contained in said Mortgage to be kept and performed by the Maker are hereby made a part of this Note to the same extent and with the same force and effect as if they were fully set forth herein, and the Maker covenants and agrees to perform the same, or cause the same to be kept and performed, strictly in accordance with the terms and provisions thereof.

If default be made in the payment of any installment under this Note, and if such default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice, at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

~~No default shall exist by reason of nonpayment of any required installment of principal so long as the amount of optional additional prepayments of principal already made pursuant to the privilege of prepayment set forth in this Note equals or exceeds the amount of such required installment of principal.~~

All parties to this Note, whether principal, surety, guarantor or endorser, hereby waive presentment for payment, demand, protest, notice of protest and notice of dishonor.

The Maker does hereby empower any attorney of any court of record within the United States or elsewhere to appear for it, with or without a declaration filed, and confess judgment or judgments against it in favor of the Payee or any subsequent holder hereof, as of any term, for the entire unpaid principal of this Note, and all arrearages of interest thereon, together with costs of suit, attorney's **fee** ~~commission~~ of **five percent (5)**% for collection, and a release of all errors, on which judgment execution or executions may issue forthwith. The Maker hereby waives the right of inquisition on all property levied upon to collect the indebtedness evidenced hereby and does voluntarily condemn the same and authorizes the Prothonotary to enter such condemnation, and waives and releases all laws, now in force or hereafter enacted, relating to exemption, appraisement or stay of execution.

**[signature appears on next page]**

IN WITNESS WHEREOF, the Maker has caused these presents to be executed ~~under seal~~ the day and year first above written.

WHITEHALL FIDUCIARY, LLC,
AS TRUSTEE OF WHITEHALL TRUST
u/t/a dated August 1, 2007

By: _____

**Abraham R. Atiyeh, Manager**

[SEAL]          Attest: _____

COMMONWEALTH STATE OF PENNSYLVANIA

LOAN NO. 034-22084

Mortgage Note

WHITEHALL FIDUCIARY, LLC,
AS TRUSTEE OF WHITEHALL TRUST
TO
M&T REALTY CAPITAL CORPORATION

No. 034-22084

Insured under Section 232, pursuant to Sections 223(f) and 223(a)(7) of the National Housing Act and Regulations published thereunder

In effect on November 22, 2011

For purposes of compliance with Section 223(a)(7)(A)(iv) of the National Housing Act, the contract of mortgage insurance regarding FHA Project No. 034-22020 is transferred to FHA Project No. 034-22084 and said contract of mortgage insurance is hereby amended to reflect the terms, condition and provisions of the FHA Firm Commitment for Project No. 034-22084 dated November 22, 2011 and the National Housing Act as evidenced by the Federal Housing Commissioner's endorsement for insurance of the Note dated January 26, 2012 executed by Whitehall Fiduciary, LLC, as Trustee of Whitehall Trust and payable to M&T Realty Capital Corporation in the amount of $15,788,700.00

~~To the extent of advances approved by the Secretary~~
~~of Housing and Urban Development acting by and through~~
~~the Federal Housing Commissioner~~

~~By~~ _____

~~(Authorized Agent)~~

~~Date~~ _____

A total sum of $15,788,700.00 has been approved for insurance hereunder by the Secretary of Housing and Urban Development acting by and through the Federal Housing Commissioner

By _____

(Authorized Agent)
Roger A. Lewis
Date January 26, 2012

Reference is made to the Act and to the Regulations thereunder covering assignments of the insurance protection on this Bond

HUD- Wash., D.C.

I74737-R,Rev.3/71

Attest: _____

Carol A. O'Quinn
Assistant Vice President

**M&T Realty Capital Corporation**
Pay to the order of _____

_____ without recourse

By: _____
Paula M. Quigley, Administrative Vice President

## RIDER TO MORTGAGE NOTE

This Rider to Mortgage Note (this "Rider") is attached to and made a part of the Mortgage Note (the "Note") from WHITEHALL FIDUCIARY, LLC, AS TRUSTEE OF WHITEHALL TRUST u/t/a dated August 1, 2007, a Pennsylvania Trust (the "Maker"), to M&T REALTY CAPITAL CORPORATION, a Maryland corporation, dated as of January 26, 2012.

      1.    Prepayment.   (a)    Except as hereinafter set forth, Maker shall not have the right to prepay the indebtedness evidenced hereby in whole or in part at any time prior to February 28, 2013 (the "Lockout Termination Date"). Maker shall have the right, on or after the Lockout Termination Date, to prepay the indebtedness evidenced hereby in whole or in part on the last business day of any calendar month after such date during the term hereof upon at least thirty (30) days prior written notice to the holder of this Note, which notice shall specify the date on which the prepayment is to be made, the principal amount of such prepayment and the total amount to be paid. In the event of any prepayment of principal at any time on or after the Lockout Termination Date, the Maker shall concurrently pay to the holder of this Note (i) interest on the amount prepaid through and including the last day of the month in which the prepayment is made and (ii) a prepayment premium equal to the following designated percentages of the amount of the principal of this Note to be so prepaid with respect to any prepayment which occurs during the following indicated time periods:

| Time of Prepayment | Prepayment Premium |
|---|---|
| from February 28, 2013 through February 27, 2014 | 9.0% |
| from February 28, 2014 through February 27, 2015 | 8.0% |
| from February 28, 2015 through February 28, 2016 | 7.0% |
| from February 29, 2016 through February 27, 2017 | 6.0% |
| from February 28, 2017 through February 27, 2018 | 5.0% |
| from February 28, 2018 through February 27, 2019 | 4.0% |
| from February 28, 2019 through February 28, 2020 | 3.0% |
| from February 29, 2020 through February 27, 2021 | 2.0% |
| from February 28, 2021 through February 27, 2022 | 1.0% |
| from February 28, 2022 and thereafter | 0.0% |

Notwithstanding any partial prepayment of principal made pursuant to the privilege of prepayment set forth in this Note, the Maker shall not be relieved of its obligations to make scheduled monthly installments of principal and interest as and when such payments are due and payable under this Note.

      (b)    Notwithstanding any prepayment prohibition imposed and/or premium required by this Note with respect to prepayments made prior to February 28, 2021, the indebtedness evidenced by this Note may be prepaid in whole or in part on the last business day of any calendar month without the consent of the holder of this Note and without prepayment premium if the Federal Housing Commissioner (the "Commissioner") determines that prepayment will avoid a mortgage insurance claim and is therefore in the best interests of the Federal Government. The holder of this Note understands that the Commissioner would consider

exercising its right to override the prepayment prohibition and/or prepayment premium contained herein only upon satisfaction of all of the following terms and conditions:

        (i)     Maker has defaulted under this Note and the Commissioner has received notice of such default, as required by 24 C.F.R. §207.256;

        (ii)    The Commissioner determines that the project financed with the proceeds of this Note has been experiencing a net income deficiency, which has not been caused solely by management inadequacy or lack of interest by Maker, and which is of such magnitude that Maker is currently unable to make required debt service payments, pay all project operating expenses and fund all required HUD reserves;

        (iii)   The Commissioner finds there is reasonable likelihood that Maker can arrange to refinance the loan evidenced by this Note at a lower interest rate or otherwise reduce the debt service payments through partial prepayment; and

        (iv)   The Commissioner determines that refinancing the loan evidenced by this Note at a lower rate or partial prepayment is necessary to restore the said project to a financially viable condition and to avoid an insurance claim.

        (c)    Notwithstanding the provisions of Paragraph 1(a) above, the provisions of Paragraph 1(a) shall not apply, and no prepayment premium shall be collected by the holder of this Note, with respect to any prepayment which is made by or on behalf of the Maker from insurance proceeds as a result of damage to the mortgaged premises or condemnation awards which, at the option of the holder of this Note, may be applied to reduce the indebtedness of Maker evidenced hereby pursuant to the terms and provisions of the Mortgage (the "Mortgage") of even date given by Maker to the holder of this Note to secure said indebtedness. Any prepayment made pursuant to this Paragraph 1(c) shall be deemed to have been made on the last day of the month in which such payment is received by holder and shall include interest on the amount prepaid through and including the last day of the month in which the prepayment is made.

        (d)    Notwithstanding the provisions of Paragraph 1(a) above, the provisions of Paragraph 1(a) shall not apply, and no prepayment premium shall be collected by the holder of this Note, in the event that the maximum principal amount of this Note is reduced (or a partial prepayment is made) solely as the result of a mortgage reduction (or a partial prepayment) required by the Commissioner based upon any cost certification or other report required to be provided by the Maker to the Commissioner subsequent to the date hereof. Any prepayment made pursuant to this Paragraph 1(d) shall be deemed to have been made on the last day of the month in which such payment is received by holder and shall include interest on the amount prepaid through and including the last day of the month in which the prepayment is made.

        2.    <u>Late Charges</u>. In the event any installment or part of any installment due under this Note becomes delinquent for more than fifteen (15) days, there shall be due, at the option of the holder of this Note, in addition to other sums due hereunder, a late charge in an amount equal to two percent (2%) of the amount of principal and/or interest so delinquent. Whenever, under the

law of the jurisdiction where the property is located, the amount of any such late charge is considered to be additional interest, this provision shall not be effective if the rate of interest specified in this Note, together with the amount of the late charge, would aggregate an amount in excess of the maximum rate of interest permitted and would constitute usury.

3.    <u>Method of Payment</u>.  All payments to reduce the principal balance hereunder, other than regularly scheduled payments of principal, and all late charges and other amounts required to be paid hereunder, other than regularly scheduled installments of interest, shall be made to the holder of this Note in immediately available Federal Funds.  Payments received after 12:00 noon Eastern time will be deemed to have been received on the next following business day.

4.    <u>Non-Recourse</u>.  Notwithstanding any other provision contained in this Note, it is agreed that the execution of this Note shall impose no personal liability on the maker hereof for payment of the indebtedness evidenced hereby, and, in the event of a default, the holder hereof shall look solely to the "Collateral" (defined below) in satisfaction of the indebtedness evidenced hereby and will not seek or obtain any deficiency or personal judgment against the maker hereof except such judgment or decree as may be necessary to foreclose or bar its interest in the Collateral except as set out in the Mortgage of even date given to secure this Note.  As used herein, "Collateral" shall mean and include (i) the property subject to the Mortgage, including, but not limited to, the land, improvements, equipment, personal property, and appurtenances thereto and to the rents, issues and profits thereof, as set forth in said Mortgage and (ii) the collateral described in the Security Agreement of even date herewith given to further secure this Note between maker and holder hereof.

**IN WITNESS WHEREOF,** the undersigned Maker has executed this Rider as of the date first above written.

WHITEHALL FIDUCIARY, LLC,
AS TRUSTEE OF WHITEHALL TRUST
u/t/a dated August 1, 2007

By:_____
        Abraham R. Atiyeh, Manager

12/28/2011 12698876

# EXHIBIT "B"

**Return to:**
Kelly Kremer
Vorys, Sater, Seymour and Pease LLP
Atrium Two, Suite 2000
221 East Fourth Street
Cincinnati, Ohio 45202

RECORDED
01/26/2012 8:52:21 AM
RECORDER OF DEEDS
LEHIGH COUNTY
PENNSYLVANIA
Inst Num:        2012002755

**PIN: 5498 9378 8632-1**

FHA Form No. 4171-b
(CORPORATE)
Rev. March 1971

---

### *PA OPEN-END MORTGAGE*

This mortgage is an "Open-End" Mortgage that secures future advances.
**42 Pa.C.S.Ann. § 8143**

---

# OPEN-END MORTGAGE

THIS MORTGAGE made **as of the** 19th **day of January, 19 2012, to be effective as of January** 26, **2012, between WHITEHALL FIDUCIARY, LLC, AS TRUSTEE OF WHITEHALL TRUST u/t/a dated August 1, 2007, a Pennsylvania trust,** the Mortgagor, **having its principal place of business at 1177 Sixth Street, Whitehall, Pennsylvania 18052 and M&T REALTY CAPITAL CORPORATION,** a corporation organized and existing under the laws of **Maryland** and having its principal place of business at **25 South Charles Street, 17th Floor, Baltimore, Maryland 21201**, the Mortgagee.

In order to secure the payment of an indebtedness in the principal sum of **Fifteen Million Seven Hundred Eighty-Eight Thousand Seven Hundred and No/100** Dollars (**$15,788,700.00**), lawful money of the United States, which sum or so much thereof as may be advanced with interest thereon at **three and thirty-eight hundredths** percent (**3.38**%) per annum, is payable in accordance with the terms of a certain note bearing even date herewith as follows:

**Interest only payable on the first day of February, 2012.  Commencing on the first day of March, 2012, monthly installments of interest and principal shall be paid in the sum of Sixty-Nine Thousand Eight Hundred Forty-Four and 95/100 Dollars ($69,844.95) each, such payments to continue monthly thereafter on the first day of each succeeding month until the entire indebtedness has been paid in full.  In any event, the balance of the principal (if any) remaining unpaid, plus accrued interest, shall be due and payable on February 1, 2042.  The installments of interest and principal shall be applied first to interest at the rate of three and thirty-eight hundredths per centum (3.38%) per annum upon the principal sum or so much thereof as shall from time to time remain unpaid and the balance thereof shall be applied on account of principal.**

which note provides: (1) ~~that privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on principal next due, on the first day of any month prior to maturity upon at least thirty (30) days prior written notice to the holder; (2)~~ that if the debt is paid in full prior to maturity and while insured under the National Housing Act, all parties liable for payment thereof hereby agree to

be jointly and severally bound to pay to the holder hereof any adjusted premium charge required by the applicable Regulations; ~~(3) that notwithstanding any provision for a prepayment charge or premium, prepayments of principal made as aforesaid, which do not exceed an aggregate of fifteen per centum (15%) of the original principal sum of the note in any one calendar year, may be made without any prepayment charge or premium; and (4) that no default shall exist by reason of nonpayment of any required installment of principal so long as the amount of optional additional prepayments of principal made pursuant to the privilege of prepayment equals or exceeds the amount of such required installment of principal;~~ and (2) that in the event any installment or part of any installment due under the Note becomes delinquent for more than fifteen (15) days, there shall be due, at the option of the holder of the Note, in addition to other sums due, a late charge in an amount equal to two percent (2%) of the amount of principal and/or interest so delinquent, as further provided in the Note.

And also to secure payment by the Mortgagor to the Mortgagee of all sums expended or advanced by the Mortgagee pursuant to any term or provision of this mortgage;

And also to secure performance of each covenant, term, condition and agreement of the Mortgagor herein contained and in a certain ~~Building Loan Agreement and~~ Regulatory Agreement hereinafter referred to;

The Mortgagor for valuable consideration, the receipt of which is hereby acknowledged, hath granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents doth grant, bargain, sell, alien, enfeoff, release and confirm unto the said Mortgagee, all the following-described real estate situate in the **Township** of **Whitehall**, County of **Lehigh**, and Commonwealth of Pennsylvania; to wit:

**See Exhibit A, attached hereto and incorporated herein by reference.**

TOGETHER with all and singular the buildings and improvements on said premises, as well as all alterations, additions, or improvements now or hereafter made to said premises, and any and all appliances, machinery, furniture, and equipment (whether fixtures or not) of any nature whatsoever now or hereafter installed in or upon said premises, streets, alleys, passages, ways, waters, water courses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereunto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues and profits thereof; and

TOGETHER with all building materials and equipment now or hereafter delivered to said premises and intended to be installed therein; and

TOGETHER with all fixtures and articles of personal property now or hereafter attached to or in and about the building or buildings now erected or hereafter to be erected on the lands herein described which are necessary to the complete and comfortable use and occupancy of such building or buildings for the purposes for which they were or are to be erected, including all goods, chattels, and personal property as are ever used or furnished in operating a building, or the activities conducted therein, similar to the one herein described and referred to, and all renewals or replacements thereof or articles in substitution therefor, whether or not the same are, or shall be attached to said building or buildings in any manner.

And the said Mortgagor, for itself, its successors and assigns does hereby covenant, promise, and agree with said Mortgagee, its successors and assigns, that all furnaces, heaters, ranges, mantels, cabinets, gas and electric light fixtures, elevators, laundry equipment, refrigerator, air-conditioning equipment, including all operating equipment, Murphy beds and all apparatus, appliances, and fixtures for the creation and distribution of light, heat, power, and water, including all pipes, wires, faucets, bathroom and

kitchen fixtures of whatever kind and nature at present contained or hereafter placed in the building or hereafter standing upon the mortgaged premises and all structures, gas and oil tanks, screens, shades, awnings and Venetian blinds, storm doors and windows and equipment erected or placed in or upon the mortgaged premises are to be considered as annexed to and forming part of the freehold.

TO HAVE AND TO HOLD the said lot or piece of ground described, with the buildings and improvements thereon erected, the hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances unto the said Mortgagee, its successors or assigns, to and for the only proper use and behoof of the said Mortgagee, its successors or assign forever;

Provided however that if said Mortgagor does and shall well and truly pay or cause to be paid unto the said Mortgagee, the aforesaid debt or principal sum secured by this mortgage, on the day and time and in the manner hereinbefore mentioned and appointed for payment of the same, together with interest and all sums advanced for payment of any ground rents, taxes, water rents, charges, claims or insurance premiums and any other advance hereunder as aforesaid, without any fraud or further delay and without any deduction, defalcation or abatement to be made of anything, for or in respect of any ground rents, taxes or water rents or charges or claims or advances whatsoever, then this mortgage and the estate hereby granted, shall cease and become void.

The Mortgagor covenants with the Mortgagee as follows:

1.      That the Mortgagor will deposit with the Mortgagee concurrently with payments of interest or of interest and principal, on the first day of each month after the date hereof until the said note is fully paid, the following sums:

(a)      An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this mortgage and the note secured hereby are insured, or a monthly service charge, if they are held by the Secretary of Housing and Urban Development, as follows:

(i)      if and so long as said note of even date and this mortgage are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder, or

(ii)      Beginning with the first day of the month following an assignment of this mortgage and the note secured hereby to the Secretary of Housing and Urban Development, a monthly service charge which shall be an amount equal to one-twelfth of one-half per centum of the average outstanding principal balance due on the note computed for each successive year, beginning with the first of the month following such assignment, without taking into account delinquencies or prepayments.

(b)      A sum equal to the ground rents, if any, next due, plus the premium that will next become due and payable on policies of fire and other ~~hazard~~ insurance covering the mortgaged property, plus water rents, taxes and assessments next due on the mortgaged property (all as estimated by the Mortgagee) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, water rents, taxes and assessments will become delinquent, such sums to be held by Mortgagee in trust to pay said ground rents, premiums, water rents, taxes, and special assessments.

(c)      All monthly installments of interest or of principal and interest and all payments mentioned in paragraphs (a) and (b) above shall be added together, and the aggregate amount thereof shall

be paid by the Mortgagor each month in a single payment to be applied by the Mortgagee to the following items in the order set forth:

(i)    Premium charges under the contract of insurance with the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner or service charge;

(ii)    Ground rents, taxes, water rents, assessments, fire and other ~~hazard~~ insurance premiums;

(iii)    Interest on the debt secured hereby; and

(iv)    Amortization of the principal of the debt secured hereby.

Provided that any excess funds accumulated under paragraph (b) above remaining after payment of the items therein mentioned shall be credited to subsequent monthly payments of the same nature required thereunder; but if any such item shall exceed the estimate therefor, the Mortgagor shall without demand forthwith make good the deficiency. Failure to do so before the due date of such item shall be a default hereunder. In case of termination of the contract of mortgage insurance by prepayment of the mortgage in full, or otherwise (except as hereinafter provided), accumulations under paragraph (a) above not required to meet payments due under the contract of mortgage insurance, shall be credited to the Mortgagor. If the property is sold under foreclosure or is otherwise acquired by the Mortgagee after default, any remaining balance of the accumulations under paragraph (b) above shall be credited to the principal of the debt as of the date of commencement of foreclosure proceedings or as of the date the property is otherwise acquired; and accumulations under paragraph (a) above shall be similarly applied unless required to pay sums due to the Secretary of Housing and Urban Development, acting by and through the Commissioner under the contract of mortgage insurance.

2.    That the Mortgagor will keep the improvements now existing or hereafter erected on the mortgaged property insured against loss by fire and such other hazards, casualties, and contingencies, as may be stipulated by the Secretary of Housing and Urban Development, acting by and through the Commissioner upon the insurance of the mortgage and other hazards **and liabilities** as may be required from time to time by the Mortgagee, and all such insurance shall be carried in such companies and be for such periods as may be required by the Mortgagee, and be in an amount which will comply with the coinsurance clause applicable to the location and character of the property but not less than eighty per centum (80%) of the actual cash value of the insurable improvements and equipment of the property and will pay when due any insurance premiums not provided for by monthly payments hereunder and in default thereof the Mortgagee may effect such insurance. Such policies shall be in standard form and endorsed with standard mortgagee clause with loss payable to the Mortgagee ~~and the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner as interest may appear,~~ and shall be deposited with the Mortgagee**; the insurance carrier shall be selected by the Mortgagor, subject to approval by the Mortgagee, which shall not be unreasonably withheld**. If the premises covered hereby, or any part thereof, shall be destroyed or damaged by fire or other hazard against which insurance is held as hereinabove provided, the amounts paid by any insurance company or companies by reason of such damage, in pursuance of the contract or contracts of such fire or other hazard insurance, to the extent of the indebtedness secured hereby remaining unpaid, shall be paid to the Mortgagee, and, at its option, may be applied to the debt or released for the repairing or rebuilding of the premises.

3.    That the Mortgagor will keep said premises in as good order and condition as they now are, and will not commit or permit any waste of said premises, reasonable wear and tear excepted. If the Mortgagor shall refuse or neglect to make or cause to be made all necessary repairs to the mortgaged property, then at the option of the Mortgagee, such repairs may be made at the expense of the Mortgagee,

and the cost thereof, with interest at the rate provided in the note secured hereby shall be added to and made a part of the principal debt secured hereby and shall be payable on demand.

4.    The Mortgagee shall have the right to advance and pay any ground rents, taxes, assessments, water rents, and all other charges and claims which are provided to be made by the Mortgagor in paragraphs 1(a) and (b) above, and to advance and pay any sums of money that in its or their judgment may be necessary to perfect or preserve the title of the premises covered hereby. Any amount or amounts so paid by the Mortgagee shall be added to the principal debt secured hereby, shall bear interest at the rate provided in the note secured hereby from the date of payment, and shall be payable on demand. The Mortgagee, at its option, shall be entitled to be subrogated to any lien, claim or demand paid by it, or discharged with money advanced by it and secured by this mortgage.

5.    That so long as this mortgage and the said note secured hereby are insured under the provisions of the National Housing Act, or held by the Secretary of Housing and Urban Development, the Mortgagor will not execute or file for record any instrument which imposes a restriction upon the sale or occupancy of the mortgaged property on the basis of race, color or creed.

6.    That so long as this mortgage and the note secured hereby are insured under the provisions of the National Housing Act, or held by the Secretary of Housing and Urban Development, the Mortgagor will not rent dwelling accommodations in the mortgaged premises at rental rates in excess of the rates permitted by the Secretary of Housing and Urban Development, acting by, and through the Federal Housing Commissioner or for periods of less than one (1) month or in excess of three (3) years, nor rent the premises as an entirety.

7.    ~~That the indebtedness secured by this mortgage represents funds to be used in the construction of certain improvements on the lands herein described, in accordance with a building loan agreement between the Mortgagor and the Mortgagee dated —————— 19 , a copy of which is attached hereto and made a part hereof (provided, however, that if and to the extent that said building loan agreement is inconsistent herewith, this mortgage shall govern). If the construction of the improvements to be made pursuant to said building loan agreement shall not be carried on with reasonable diligence, or shall be discontinued at any time for any reason other than strikes or lock-outs, the Mortgagee, after due notice to the Mortgagor, or any subsequent owner, is hereby vested with full and complete authority to enter upon the said premises to employ watchmen to protect such improvements from depredation or injury and to preserve and protect the personal property therein, to continue any and all outstanding contracts for the erection and completion of said building or buildings, to make and enter into any contracts and obligations wherever necessary, either in its own name or in the name of the Mortgagor, or other owner, and to pay and discharge all debts, obligations, and liabilities incurred thereby. All such sums so advanced by the Mortgagee (exclusive of advances of the principal of the indebtedness secured hereby) shall be added to the principal of the indebtedness secured hereby and all shall be secured by this mortgage and shall be due and payable on demand with interest at the rate provided in the note secured hereby, but no such advances shall be insured unless same are specifically approved by the Federal Housing Commissioner prior to the making thereof. The principal sum and the other charges provided for herein shall, at the option of the Mortgagee or holder of this mortgage and the note secured hereby become due and payable on the failure of the Mortgagor, or other owner, to keep and perform any of the covenants, conditions and agreements of said building loan agreement. This covenant shall be terminated upon the completion of the improvement to the satisfaction of the Mortgagee and the making of the final advance as provided in said building loan agreement.~~

8.    That the Mortgagor will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage; and further, that it will keep and maintain said property free from the claim of all persons supplying labor or materials

which will enter into the construction of any and all buildings now being erected or to be erected on said property.

9. That the improvements ~~about to be made~~ upon the premises above described and all plans and specifications comply with all municipal ordinances and regulations made or promulgated by lawful authority, and that the same ~~will upon completion~~ comply with all such municipal ordinances and regulations and with the rules of the Board of Fire Underwriters having jurisdiction.

10. That the Mortgagor will not permit or suffer the use of any of the property for any purpose other than that for which the same is now agreed upon to be used; nor will it permit or suffer any alteration of or addition to the buildings or improvements ~~hereafter constructed~~ in or upon said property without the consent of the Mortgagee.

11. That the Regulatory Agreement, if any, executed by the Mortgagor and the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, which is being recorded simultaneously herewith, is incorporated in and made a part of this Mortgage. Upon default under the Regulatory Agreement and upon the request of the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, the Mortgagee, at its option, may declare the whole of the indebtedness secured hereby to be due and payable.

It is agreed that if at any time, a Writ of Fieri Facias or other execution is properly issued upon a judgment obtained upon the note secured hereby, or if an Action of Mortgage Foreclosure is brought or a Writ of Scire Facias is issued or other foreclosure proceedings instituted upon this mortgage, an attorney's fee ~~commission~~ for collection, viz: **five** per centum (**5.0%**) of said principal debt or sum shall be payable, and shall be recovered in addition to all principal and interest and all other recoverable sums then due, besides costs of suit. The Mortgagor does hereby expressly waive and relinquish all benefit that may accrue to him by virtue of any and every law, civil or military, made or to be made hereafter exempting the mortgaged premises from attachment, levy and sale under execution.

It is further agreed that the holder of this mortgage, in any action to foreclose, shall be entitled to the appointment of a Receiver of the rents and profits of the mortgaged premises as a matter of right and without notice, with power to collect the rents, issues, and profits of said mortgaged premises, due and becoming due during the pendency of such foreclosure suit, such rents and profits being hereby expressly assigned and pledged as additional security for the payment of the indebtedness secured by this mortgage, without regard to the value of the mortgaged premises or the solvency of any person or persons liable for the payment of the mortgage indebtedness. The Mortgagor for itself and any subsequent owner hereby waives any and all defenses to the application for a Receiver and hereby specifically consents to such appointment without notice, but nothing herein contained is to be construed to deprive the holder of the mortgage of any other right, remedy, or privilege it may now have under the law to have a Receiver appointed. The provision for the appointment of a Receiver of the rents and profits, and the assignment of such rents and profits, is made an express condition upon which the loan hereby secured is made. The rights and remedies herein provided for shall be deemed to be cumulative and in addition to, and not in limitation of, those provided by law.

It is also agreed that, for the purpose of procuring possession of said mortgaged premises to the Mortgagee, its successors and assigns, in the event of any default as defined below, the Mortgagor, for the Mortgagor and for the successors and assigns of the Mortgagor, does hereby authorize and empower any attorney of any court as attorney for the Mortgagor, and for the successors or assigns of the Mortgagor, to sign an agreement for entering in any competent court an amicable action or judgment in ejectment, without any stay of execution, against the Mortgagor, or the successors or assigns of the Mortgagor and against all persons claiming under the Mortgagor, or the successors or assigns of the Mortgagor and for

the recovery by the Mortgagee, its successors or assigns, of possession of the mortgaged premises. In any such action, this mortgage or a copy thereof, verified by affidavit, shall be a sufficient warrant of attorney. Thereupon a Writ of Habere Facias Possessionem may issue forthwith without any prior writ or proceeding whatsoever. It is hereby expressly agreed that if for any reason after such action has been commenced the same shall be discontinued, marked satisfied of record or be determined, or possession of the mortgaged premises shall remain in or be restored to the Mortgagor, or the successors or assigns of the Mortgagor, the Mortgagee, its successors and assigns, shall have the right for the same default or in the event of any subsequent defaults, to bring on or more further amicable actions in the manner hereinbefore set forth to recover possession of the mortgaged premises. The Mortgagee, its successors and assigns, shall have the right to bring such amicable action in ejectment after an Action of Mortgage Foreclosure is brought or after the issuance of a Scire Facias sur Mortgage or other foreclosure proceedings are instituted upon this mortgage and after judgment thereon or therein, and after a sale of the mortgaged premises by the sheriff.

It is also expressly agreed that if the Mortgagor should fail to pay any installment of principal and interest or payment due pursuant to covenant one above within thirty (30) days after the due date of such installment or payment, or if the Mortgagor should fail to perform any of the terms, conditions or covenants of the mortgage, the note, the building loan agreement, or the regulatory agreement, such failure shall constitute a default and in every such case, the whole principal debt shall, at the option of the Mortgagee, become due and payable immediately, and it shall and may be lawful for said Mortgagee forthwith to bring an Action of Mortgage Foreclosure, to sue out of a Writ of Scire Facias, or to institute other foreclosure proceedings upon this mortgage, and to proceed to judgment and execution for recovery of said principal debt, all interest thereon, all sums advanced for payment of any ground rent, taxes, water rents, charges, claims or insurance premiums as aforesaid, and all other recoverable sums, together with an attorney's commission for collection, without further stay of execution or other process, any law, usage or custom to the contrary notwithstanding. The Mortgagor hereby waives and relinquishes unto and in favor of the Mortgagee, all benefit under the laws now in effect or hereafter passed to relieve the Mortgagor in any manner, or to reduce the amount of the note to any greater extent than the amount actually paid for the premises hereby mortgaged at the sale thereof in any judicial proceedings upon the said note or upon this mortgage.

This mortgage and every covenant and agreement herein contained shall be binding upon and inure to the benefit of the Mortgagor and the Mortgagee and their respective successors and assigns and to the extent permitted by law shall bind every subsequent owner of the mortgaged premises.

**Notwithstanding any other provision contained herein or in the Note, it is agreed that the Execution of the Note shall impose no personal liability upon the Mortgagor for payment of the indebtedness evidenced thereby and in the event of a default, the holder of the Note shall look solely to the "Collateral" (defined below) in satisfaction of the indebtedness evidenced by the Note and will not seek or obtain any deficiency or personal judgment against the Mortgagor except such judgment or decree as may be necessary to foreclose and/or bar its interest in the Collateral, provided, that nothing in this condition and no action so taken shall operate to impair any obligation of the Mortgagor under the Regulatory Agreement herein referred to and made a part hereof. As used herein, "Collateral" shall mean and include (i) the property subject to this Mortgage, including, but not limited to, the land, improvements, equipment, personal property, and appurtenances thereto and to the rents, issues and profits thereof, as set forth in this Mortgage and (ii) the collateral described in the Security Agreement of even date herewith given to further secure the Note between the Mortgagor and Mortgagee.**

**See Assignment of Leases Rider to Mortgage attached hereto.**

IN WITNESS WHEREOF, **the Mortgagor has caused this instrument to be duly executed in its behalf by its duly authorized representative.**

WHITEHALL FIDUCIARY, LLC,
AS TRUSTEE OF WHITEHALL TRUST
u/t/a dated August 1, 2007

By: _____
Abraham R. Atiyeh, Manager

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LEHIGH

        On this the 19th day of January, 2012, before me, the undersigned officer, personally appeared Abraham R. Atiyeh who acknowledged himself to be a manager and duly authorized representative of the said Whitehall Fiduciary, LLC, a Pennsylvania limited liability company, sole Trustee of Whitehall Trust, a Pennsylvania trust, and that he as such manager, being authorized to do so, executed the foregoing instrument, for the purposes therein contained, by signing the name of the limited liability company by himself as such manager.

_____
Notary Public

(To be executed, witnessed and acknowledged as required by the laws of the State of Pennsylvania)

Commonwealth of Pennsylvania
NOTARIAL SEAL
MARIANNE L. RICE, Notary Public
City of Allentown, Lehigh County
My Commission Expires Aug. 20, 2015

CERTIFICATE OF RESIDENCE

        I, Brianne Schwanitz, Esq., do hereby certify that the correct address of the within-named Mortgagee is 25 South Charles Street, 17th Floor, Baltimore, Maryland 21201 witness my hand this 19th day of January, 2012., 19_____.

_____
(On behalf of the Mortgagee)

COMMONWEALTH OF PENNSYLVANIA

Loan No. 034-22084

Mortgage

WHITEHALL FIDUCIARY, LLC,
AS TRUSTEE OF WHITEHALL TRUST
TO
M&T REALTY CAPITAL CORPORATION

COMMONWEALTH OF PENNSYLVANIA,
COUNTY OF LEHIGH

RECORDED on this _____ day of January, A.D. 19 2012, in the Recorder's Office of said County, in Mortgage Book, ___, Vol. ___, Page ___

Given under my hand and seal of the said office, the day and year aforesaid.

_____
Recorder.

8

# Exhibit A

**UNIT 1 OF WHITEHALL MANOR CONDOMINIUM, according to the Declaration of Condominium of Whitehall Manor Condominium dated August 13, 2008 recorded in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania as its Document ID # 7494518.**

**PARCEL ID NO.  5498 9378 8632-1**

**Together with an undivided interest of 50% of, in and to the Common Elements of the said WHITEHALL MANOR CONDOMINIUM.**

12/28/2011 12696553

Whitehall Manor Senior Living
FHA Project No. 034-22084

## ASSIGNMENT OF LEASES RIDER
## TO MORTGAGE

This Assignment of Leases Rider to Mortgage is dated as of January 19, 2012 and is incorporated by reference into that certain Open-End Mortgage dated of even date herewith by and between WHITEHALL FIDUCIARY, LLC, AS TRUSTEE OF WHITEHALL TRUST u/t/a dated August 1, 2007, a Pennsylvania trust, ("Mortgagor"), and M&T REALTY CAPITAL CORPORATION, a Maryland corporation ("Mortgagee"), as if fully set forth therein.

1.      Mortgagor hereby assigns, grants and transfers over to Mortgagee, its successors and assigns, all interest of the Mortgagor in and under that certain Lease Agreement by and between Mortgagor, as "Landlord", and Whitehall Manor, Inc., a Pennsylvania corporation, as "Tenant", together with any subsequent leases affecting the property described in the Mortgage (the "Leases"), together with all rents, income, revenues and profits now due, or which may become due under the Leases or arising otherwise out of the property covered by this Mortgage (the "Property"), or any interest therein, together with all rights which Mortgagor may have against all tenants or others under said Leases or otherwise in connection with the Property (collectively, the "Rents"), and including without limitation the rights and interests of Mortgagor as secured party under those provisions of the Leases whereby Tenant grants to Mortgagor a security interest in certain assets of Tenant; including Tenant's accounts receivable, licenses, provider agreements and certificates of need. This assignment is subject to a license hereby reserved to Mortgagor, but limited as hereinafter provided, to collect said Rents. For purposes of the security interests and rights of Mortgagor, as secured party, under each of the Leases which are assigned to Mortgagee under this Section 1, Mortgagor and Mortgagee agree that the term "Mortgagee" shall mean and include both the Mortgagee first named above and U.S. Department of Housing and Urban Development.

2.      Mortgagor agrees to timely perform and discharge all obligations of Mortgagor as Landlord under the Lease.

3.      Mortgagor further agrees not to receive or collect any Rents in advance, nor pledge, or assign future Rents, nor release or discharge any Tenant thereof from any obligation under the Lease; nor to cancel, modify, extend or renew any Lease or dispossess any Tenant without the prior written approval of Mortgagee.

4.      So long as Mortgagor shall not be in default hereunder, Mortgagor shall have the license reserved hereby to collect all Rents.

5.      Upon default by Mortgagor under this Mortgage, Mortgagee may, at its option, terminate the license of Mortgagor to collect the Rents and bring an action to appoint a receiver to enter upon, take possession of, manage and operate the Property and collect the Rents, make, enforce, and modify the Leases now or hereafter in effect, and otherwise perform all acts with respect to the Property, Leases and Rents as fully as Mortgagor could do if personally present, and Mortgagee shall, after payment of all expenses, credit the net amount of income which it may receive to the indebtedness secured hereby, in the manner, order and amounts as Mortgagee shall determine.

6.      In the event Tenant defaults under its Lease with Mortgagor entitling Mortgagor, as Landlord, under the Lease to cause a receiver to be appointed to operate the Property, and after ten (10) days written notice from Mortgagee to Mortgagor directing Mortgagor to take such actions as are required to have a receiver appointed to so operate the Property, Mortgagor fails to commence such actions and diligently pursue them to completion, such failure shall be a default by Mortgagor under this Mortgage entitling Mortgagee to exercise its rights and remedies under this Mortgage and applicable law. In addition, upon such default or other default by Mortgagor under this Mortgage or the Note secured by this Mortgage that is not cured within any applicable cure period, Mortgagee may initiate such actions as may be necessary, whether in Mortgagee's name or in the name of, and/or in the place, of Mortgagor, to have a receiver appointed to operate the Property.

7.      Notwithstanding anything herein to the contrary, acceptance by Mortgagee of this assignment shall not constitute Mortgagee a mortgagee in possession, or obligate Mortgagee to appear in or defend any action or proceeding relating to the Rents, Leases or the Property, or to take any action hereunder, or incur any expenses; nor shall Mortgagee be liable for any injury or damage to person or property sustained by any persons, in or about the Property. This assignment is an assignment of rights only, and not a delegation of duties.

8.      Mortgagor hereby irrevocably appoints Mortgagee its true and lawful attorney, coupled with an interest, in the name of Mortgagor, to subordinate any Lease to the lien of this Mortgage and to collect all Rents payable under the Leases upon termination of the license herein granted. This assignment shall constitute a direction to and full authority to Tenant and any other tenant under the Leases to pay all Rents to Mortgagee. The foregoing powers are irrevocable, continuing, and exclusive in Mortgagee, its successors and assigns.

9.      Upon payment in full of the indebtedness secured by this Mortgage, this assignment shall be of no further force and effect and Mortgagee shall execute such documents, in recordable form, as may be required or needed to reconvey and/or rescind this assignment.

R-2

13130752 V.2



### ANDREA E. NAUGLE
## LEHIGH COUNTY CLERK OF JUDICIAL RECORDS

**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA  18101-1614**
**(610) 782-3162**

\*RETURN DOCUMENT TO:
WIENER AND WIENER
512 HAMILTON STREET
ALLENTOWN, PA 18101

**Instrument Number - 2012002759**
Recorded On 1/26/2012 At 8:52:21 AM
* Instrument Type - MORTGAGE
  Invoice Number - 114086     User ID: LSA
* Mortgagor -  WHITEHALL FIDUCIARY LLC
* Mortgagee - M&T REALTY CAPITAL CORP
* Customer - WIENER AND WIENER

**\*Total Pages - 12**

```
* FEES
  STATE WRIT TAX            $0.50
  STATE JCS                $23.50
  RECORDING FEES           $27.00
  AFFORDABLE HOUSING       $11.50
  COUNTY ARCHIVES FEE       $2.00
  ROD ARCHIVES FEE          $3.00
  UPI CERTIFICATION FEES   $10.00
  TOTAL PAID               $77.50
```

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



*Andrea E Naugle*
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On January 26, 2012 By SB**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

**INSTRUMENT NUMBER - 2012002759**


002XU7

EXHIBIT "C"

## EXHIBIT A

### Legal Description

UNIT 1 OF WHITEHALL MANOR CONDOMINIUM, according to the Declaration of Condominium of Whitehall Manor Condominium dated August 13, 2008 recorded in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania as its Document ID # 7494518.

PARCEL ID NO. 5498 9378 8632-2

Together with an undivided interest of 50% of, in and to the Common Elements of the said WHITEHALL MANOR CONDOMINIUM.

Whitehall Township

# EXHIBIT "D"

**FHA Project No.:**
**Project Name:**    Whitehall Manor Senior Living
**Project Location:**    Lehigh County, Pennsylvania

## ALLONGE TO MORTGAGE NOTE

This Allonge to Mortgage Note is attached to that certain Mortgage Note dated as of January 26, 2012, from Whitehall Fiduciary, LLC, as Trustee of Whitehall Trust U/T/A Dated August 1, 2007 to M&T Realty Capital Corporation in the amount of $15,788,700.00.

For value received, all right, title and interest of the undersigned to the within Note, the unpaid balance of which is $12,487,669.04, together with the interest thereon, is hereby assigned to the United States Secretary of Housing and Urban Development, his/her successors and assigns, without recourse or warranty except as shown in that certain assignment of even date assigning to said Secretary the mortgage securing this Note.

**M&T REALTY CAPITAL CORPORATION**, a Maryland corporation

By: _____
Michael Angles, Senior Vice President

Date: November 8, 2022, effective as of November 16, 2022

EXHIBIT "E"

## NOTE ENDORSEMENT

FHA Project No.:
Project Name:  Whitehall Manor Senior Living
City, State:  Whitehall, Pennsylvania

      ENDORSEMENT OF Mortgage Note dated as of January 26, 2012, including any assignments thereto and modifications thereof (the "Note")

FROM:  SECRETARY OF HOUSING AND URBAN DEVELOPMENT ("HUD")

      Pay to the order of Windstream Capital LLC ("Assignee"), without recourse.

      HUD and Assignee expressly acknowledge and agree that from and after the date of this Endorsement, no FHA Mortgage Insurance is in effect with respect to the Note, that the panel evidencing FHA Mortgage Insurance on the Note has been or shall be deemed to be marked with an "X" across it and that the Note (including any assignments thereto and modifications thereof) has been or shall be deemed to be marked with the words "FHA Mortgage Insurance Terminated.  Note Endorsement From HUD Hereby Made A Part Hereof."

      **IN WITNESS WHEREOF**, HUD has caused this Endorsement to be executed and delivered under seal by its duly authorized agent as of the 20th day of September, 2023.


                    SECRETARY OF HOUSING AND
                    URBAN DEVELOPMENT

By: _____
       Authorized Agent
       Print Name:    John W. Lucey

# EXHIBIT "F"

## ALLONGE TO MORTGAGE NOTE

The Allonge to Mortgage Note is attached to that certain Mortgage Note dated as of January 26, 2012, from Whitehall Fiduciary, LLC as Trustee of Whitehall Trust u/t/a dated August 1, 2007, a Pennsylvania trust, to M&T Realty Capital Corporation in the amount of $15,788,700.00.

For value received, all right, title and interest of the undersigned to the within Note together with the interest thereon, is hereby assigned to **Lehigh Valley 1 LLC**, his/her successors and assigns, without recourse or warranty except as shown in that certain assignment of even date assigning to Lehigh Valley 1 LLC.

**WINDSTREAM CAPITAL LLC**

By: _James Frcatangelo_

Its: _Manager_

# EXHIBIT "G"

*1177 6ᵗʰ St. Whitehall PA 18052*

Project No.:

Project Name: **Whitehall Manor Senior Living**

Location: **Lehigh County, Pennsylvania**
*Whitehall Township*

## ASSIGNMENT OF MORTGAGE

### Dated November 8, 2022, Effective as of November *16*, 2022

KNOW ALL MEN BY THESE PRESENTS:

THAT, M&T REALTY CAPITAL CORPORATION, a corporation organized and existing under the laws of the State of Maryland, hereinafter referred to as the "Assignor", having offices at One Light Street, 12ᵗʰ Floor, Baltimore, Maryland 21202, for value received, does by these presents, without recourse, representation or warranty, except as hereinafter set forth, grant, bargain, sell, assign, transfer and set over unto the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, his/her successors and assigns, hereinafter referred to as "Assignee", having offices at 451 7ᵗʰ Street, SW, Washington D.C., 20410, all right, title and interest in and to that certain:

> Mortgage Note and Open-End Mortgage each dated January 19, 2012, to be effective January 26, 2012 (the "Mortgage"), each executed by WHITEHALL FIDUCIARY, LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007, each being in the original principal amount of Fifteen Million Seven Hundred Eighty-Eight Thousand Seven Hundred and No/100 Dollars ($15,788,700.00), which Mortgage Note was made payable to M&T Realty Capital Corporation and which Mortgage Note is secured by the Mortgage recorded January 26, 2012, as Instrument No. 2012002759 in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania.

SEE ATTACHED EXHIBIT "A" FOR A DESCRIPTION OF THE REAL PROPERTY.

TO HAVE AND TO HOLD the same unto said UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS.

THIS Assignment is without recourse or warranty, except that the undersigned hereby warrants that no act or omission of the undersigned has impaired the validity or priority of said Mortgage. The undersigned also warrants that said Mortgage is prior to all mechanics' and materialmen's liens filed of record subsequent to the recording of such Mortgage regardless of whether such liens attached prior to such recording date, and prior to all liens and encumbrances

which may have attached or defects which may have arisen subsequent to the recording of such Mortgage (except such liens or other matters as have been approved by the Assignee hereunder). The undersigned also warrants that, as of the execution of this Assignment, the sum of Twelve Million Four Hundred Eighty-Seven Thousand Six Hundred Sixty-Nine and 04/100 Dollars ($12,487,669.04), together with the interest accruing at the rate of 3.38% per annum, as provided in the said Mortgage Note and Mortgage, is actually due and owing under said Mortgage Note and Mortgage, that there are no offsets or counterclaims thereto, and that the undersigned has a good right to assign the said Mortgage Note and Mortgage.

[THIS SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the Assignor has caused this instrument to be executed on its behalf as of the date first above written.

**M&T REALTY CAPITAL CORPORATION**, a
Maryland corporation

By: _____

Name: Michael Angles

Title:  Senior Vice President

STATE OF MARYLAND     }
                              } ss.

CITY OF BALTIMORE      }

Before me, _Melissa L First_____, a Notary Public, in and for said City and State, on this day personally appeared **Michael Angles**, known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be the **Senior Vice President** of M&T Realty Capital Corporation, a Maryland corporation, and acknowledged to me that he executed said instrument for the purposes and consideration therein expressed and as the authorized act of said corporation.

Given under my hand and seal of office, this the _8th_ day of _November_, 2022.

_____

Notary Public

My Commission Expires:

> MELISSA L FIRST
> Notary Public - State of Maryland
> Baltimore County
> My Commission Expires Apr 6, 2026

This instrument prepared by:     Ariel A. Mullin
Vorys, Sater, Seymour and Pease LLP
301 E. Fourth Street, Suite 3500
Cincinnati, Ohio 45202

**EXHIBIT A**
**LEGAL DESCRIPTION**

UNIT 1 OF WHITEHALL MANOR CONDOMINIUM, according to the Declaration of Condominium of Whitehall Manor Condominium dated August 13, 2008 recorded in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania as its Document ID # 7494518.

PARCEL ID NO. 5498 9378 8632⸱2

Together with an undivided interest of 50% of, in and to the Common Elements of the said WHITEHALL MANOR CONDOMINIUM.

Whitehall Towship
1177 6th Whitehall, PA
18052

**Certificate of Residence**

I do hereby certify that the correct address of the within-named Assignee is:

_Offices at 451 7th St. SW._
_Washington, PA 20410_

_Crryspele_

## *ANDREA E. NAUGLE*
## *LEHIGH COUNTY CLERK OF JUDICIAL RECORDS*



**Recorder of Deeds Division**
**Karen S. Collura, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
FIDELITY NATIONAL TITLE - WESTERVILLE
(10043)
4111 EXECUTIVE PKWY, SUITE 30
WESTERVILLE, OH 43081

**Instrument Number - 2022038363**
Recorded On 11/16/2022 At 2:43:56 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 506774        User ID: CMF        *Total Pages - 6
* Grantor - M&T REALTY CAPITAL CORP  WHITEHALL TRUST
* Grantee - UNITED STATES SECRETARY OF HOUSING & URBAN DEVELOPMENT
* Customer - FIDELITY NATIONAL TITLE - WESTERVILLE (10043)

*FEES

```
STATE WRIT TAX           $0.50
STATE JCS               $40.25
RECORDING FEES          $17.00
COUNTY ARCHIVES FEE      $2.00
ROD ARCHIVES FEE         $3.00
UPI CERTIFICATION FEES  $10.00
TOTAL PAID              $72.75
```

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On November 16, 2022 By CJ**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2022038363**



EXHIBIT "H"

After recording, please
return to:

**Public Record Experts, LLC**

**Premises: 1177 6th Street**

**Township of Whitehall**

**Parcel: 549893788632 2**

This instrument
prepared by:

David Loesberg, Esq.
U.S. Department of Housing
and Urban Development
Office of General Counsel
451 7th Street SW, Room 10172
Washington, DC 20410

### ASSIGNMENT OF MORTGAGE

FHA Project No.:
Project Name:  Whitehall Manor Senior Living
City, State:  Whitehall, Pennsylvania

**Borrower: Whitehall Fiduciary, LLC**

**Orig Amount: $15,788,700.00**

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT ("HUD"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration, hereby assigns, transfers, sets over and conveys to Windstream Capital LLC ("Assignee"), without recourse, the following:

1.    that certain Open-End Mortgage dated January 19, 2012, to be effective January 26, 2012 and recorded on January 26, 2012 as Instrument No. 2012002759, in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania, as assigned, amended or modified from time to time (the "Mortgage"), which Mortgage secures that certain Mortgage Note dated January 26, 2012 (the "Note"); and

2.    such other documents, agreements, instruments, and other collateral (excluding the Regulatory Agreement referenced in the Mortgage) which evidence, secure or otherwise relate to HUD's right, title or interest in and to the Mortgage and/or the Note, including without limitation all security agreements, intercreditor agreements, deposit account instructions and service agreements, deposit account control agreements, and the title insurance policies and hazard insurance policies that may presently be in effect.

**IN WITNESS WHEREOF**, HUD has caused this Assignment to be executed and delivered under seal by its duly authorized agent as of the 20th day of September, 2023.

WITNESS:

Marlene L. Robinson

Juanecia Harris

SECRETARY OF HOUSING AND
URBAN DEVELOPMENT

By: _____
Authorized Agent
Print Name:     John W. Lucey

## ACKNOWLEDGEMENT

DISTRICT OF COLUMBIA, ss: Dc

The foregoing instrument was acknowledged before me on September 20, 2023, by John W. Lucey _____, as Authorized Agent of the Secretary of Housing and Urban Development.

_____
Notary Public

[SEAL]

My commission expires _____
STACEY B. RHINEHART
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 14, 2027



STACEY B. RHINEHART
NOTARY PUBLIC
EXP.
3-14-27
DISTRICT OF COLUMBIA

## CERTIFICATE OF RESIDENCE

The address of the within-named Assignee is:

Windstream Capital LLC
2100 Ponce De Leon Blvd, Suite 720
Coral Gables, FL 33134

By:

On behalf of Assignee

## Exhibit A

UNIT 1 OF WHITEHALL MANOR CONDOMINIUM, according to the Declaration of Condominium of Whitehall Manor Condominium dated August 13, 2008 recorded in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania as its Document ID # 7494518.

PARCEL ID NO.  5498 9378 8632- 2

Together with an undivided interest of 50% of, in and to the Common Elements of the said WHITEHALL MANOR CONDOMINIUM.

12/28/2011 12696553

## ANDREA E. NAUGLE
### LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



**Recorder of Deeds Division**
**Lisa Stella-Ali, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
PUBLIC RECORD EXPERTS
869 QUAINT ST
CLIFTON HEIGHTS, PA 19018-3316

**Instrument Number - 2023025934**
Recorded On 10/30/2023 At 9:42:18 AM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 531910        User ID: JV              **Total Pages - 5**
* Grantor - WHITEHALL FIDUCIARY LLC  SECRETARY OF HOUSING & URBAN DEVELOPMENT
* Grantee - WINDSTREAM CAPITAL LLC
* Customer - PUBLIC RECORD EXPERTS

* FEES

```
STATE WRIT TAX              $0.50
STATE JCS                  $40.25
RECORDING FEES             $15.00
COUNTY ARCHIVES FEE         $2.00
ROD ARCHIVES FEE            $3.00
UPI CERTIFICATION FEES     $10.00
TOTAL PAID                 $70.75
```

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On October 27, 2023 By CJ**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2023025934**


00DU4Y

# EXHIBIT "I"

This instrument
prepared by:
Lehigh Valley 1 LLC
2100 Ponce de Leon Blvd., Suite 720
Coral Gables, FL 33134

After recording, please return to:
Lehigh Valley 1, LLC
2100 Ponce de Leon Blvd., Suite 720
Coral Gables, FL 33134

Premises: 1177 6th Street
Township of Whitehall
Parcel: 549893788632-2

## ASSIGNMENT OF MORTGAGE

Project Name: Whitehall Manor Senior Living City, State: Whitehall, Pennsylvania

**Borrower: Whitehall Fiduciary, LLC Original Amount: $15,788,700.00**

WINDSTREAM CAPITAL LLC ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration, hereby assigns, transfers, sets over and conveys to Lehigh Valley 1 LLC ("Assignee"), without recourse, the following:

1.  that certain Open-End Mortgage dated January 19, 2012, to be effective January 26, 2012 and recorded on January 26, 2012 as Instrument No. 2012002759, in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania, as assigned, amended or modified from time to time (the "Mortgage", as further described on Exhibit B), which Mortgage secures that certain Mortgage Note dated January 26, 2012 (the "Note") and encumbers the property described herein and on Exhibit A attached hereto; and

2.  such other documents, agreements, installments, and other collateral (excluding the Regulatory Agreement reference in the Mortgage) which evidence, secure or otherwise relate to Windstream Capital LLC's right, title or interest in and to the Mortgage and/or the Note, including without limitation all security agreements, intercreditor agreements, deposit account instructions and service agreements, deposit account control agreements, and the title insurance policies and hazard policies that may presently be in effect.

**IN WITNESS WHEREOF,** Windstream Capital LLC has caused this Assignment to be executed and delivered under seal by its duly authorized agent as of the 15 day of May 2024.

WITNESS:

Name: Antoinette Hernandez

Name: KEVIN BANDEL

WINDSTREAM CAPITAL LLC

By: James Fratangelo

Its: Manager

## ACKNOWLEDGEMENT

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me this 15 day of May , 2024 by, James Fratangelo , who is personally known to me or who has produced_____ as identification and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

SHANNA ALVAREZ
MY COMMISSION # HH 332785
EXPIRES: November 16, 2026

## CERTIFICATE OF RESIDENCE

The address of the within-named Assignee is:

Lehigh Valley 1 LLC
2100 Ponce de Leon Blvd., Suite 720
Coral Gables, FL 33134

On behalf of Assignee:

By:

Name: James Fratangelo
Title: Manager

## Exhibit A

**UNIT 1 OF WHITEHALL MANOR CONDOMINIUM, according** to the **Declaration** of Condominium of **Whitehall Manor** Condominium dated **August 13, 2008 recorded in** the **Office** of the **Recorder** of **Deeds of Lehigh County,** Pennsylvania as its Document ID# 7494518.

**PARCEL ID NO. 5498 9378 8632-2**

Together with an undivided interest of 50% of, in and to the Common Elements of the said **WHITEHALL MANOR CONDOMINIUM.**

**EXHIBIT B**

**Mortgage Description – Assignments of Mortgage**

1.  Open-End Mortgage executed by Whitehall Fiduciary, LLC, as Trustee of Whitehall Trust
    U/T/A dated August 1, 2007, in favor of M&T Realty Capital Corporation, dated January
    19, 2012, to be effective January 26, 2012, and recorded on January 26, 2012, as Instrument
    No. 2012002759, in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania
    ("Recorder");

    a.  Assignment of Mortgage executed by M&T Realty Capital Corporation to the
        United States Secretary of Housing and Urban Development dated November 8,
        2022, effective as of November 16, 2022, and recorded on November 16, 2022, as
        Instrument No. 2022038363, with the Recorder;

    b.  Assignment of Mortgage executed by the Secretary of Housing and Urban
        Development to Windstream Capital LLC dated September 20, 2023, and
        recorded on October 30, 2023, as Instrument No. 2023025934.

### MICHELLE GRAUPNER
### LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



**Recorder of Deeds Division**
**Lisa Stella-Ali, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA  18101-1614**
**(610) 782-3162**

\*RETURN DOCUMENT TO:
CAPITOL LIEN RECORDS & RESEARCH
1010 N DALE ST
ST. PAUL, MN 55117

**Instrument Number** - 2024012857
Recorded On 6/10/2024 At 3:00:10 PM
\* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 546999        User ID: KW        **\*Total Pages** - 6
\* Grantor -  WINDSTREAM CAPITAIL LLC  WHITEHALL FIDUCIARY LLC
\* Grantee - LEHIGH VALLEY 1 LLC
\* Customer - CAPITOL LIEN RECORDS & RESEARCH

\* FEES

```
STATE WRIT TAX            $0.50
STATE JCS                $40.25
RECORDING FEES           $18.00
COUNTY ARCHIVES FEE       $2.00
ROD ARCHIVES FEE          $3.00
UPI CERTIFICATION FEES   $10.00
TOTAL PAID               $73.75
```

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



Michelle Graupner
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On June 10, 2024 By TLL**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2024012857**



EXHIBIT "J"



Phillip D. Berger *†
Matthew R. Kaufmann

*Of Counsel*
Michael S. Dinney

* Also member of New Jersey Bar
† Also member of Washington, D.C. Bar

919 Conestoga Road
Building 3, Suite 114
Rosemont, PA 19010
Tel. 610-668-0800
Fax 610-668-2800
www.BergerLawPC.com

Berger@BergerLawPC.com
(610) 668-0774

October 5, 2023

***VIA CERTIFIED MAIL***
***AND REGULAR MAIL***

Whitehall Trust
1177 N. Sixth Street
Whitehall, PA 18052

    ***RE:***    ***Windstream Capital LLC v. Whitehall Fiduciary, LLC, as Trustee of Whitehall***
        ***Trust u/t/a dated August 1, 2007***

Dear Sir/Madam:

    Please be advised that we represent Windstream Capital LLC, successor by assignment from the Secretary of Housing and Urban Development, successor by assignment from M & T Realty Capital Corporation (hereinafter "Windstream Capital LLC") with regard to the above-captioned matter. Whitehall Fiduciary, LLC, as Trustee of Whitehall Trust u/t/a August 1, 2007 ("Whitehall") is indebted to Windstream Capital LLC pursuant to the terms of that certain promissory note in the principal sum of $15,788,700.00 (the "Loan") dated January 26, 2012 (the "Note"). We have been notified that Whitehall is in default of the Note by failing to pay amounts due and owing thereon.

    As a result of Whitehall's default, we have been notified that Whitehall is obligated to make payment to Windstream Capital of the total sum of $13,525,917.84 as of October 16, 2023 which is due and owing as follows:

| | |
|---|---:|
| Principal | $11,479,039.44 |
| Accrued Interest 9/1/23-10/16/23 | 49,576.63 |
| Delinquent Principal and Interest | 1,955,658.60 |
| Late Fees | 39,113.17 |
| Payoff Processing Fee | 500.00 |
| Recording Fees | 150.00 |
| Attorneys Fees as of 10/4/23 | 1,880.00 |
| TOTAL DUE: | $13,525,917.84 |

October 5, 2023
Page 2

_____

     If the total balance due and owing to Windstream Capital LLC on the foregoing obligation is not paid in full by October 16, 2023, Windstream Capital LLC may take certain actions available at law to enforce its rights against Whitehall, which may include, but not be limited to, foreclosing of the real estate collateral securing the Loan.  Pursuant to the terms of the Note, if such actions are taken by Windstream Capital LLC, Whitehall will be responsible to Windstream Capital LLC for its legal expenses incurred to enforce its rights, including attorney's fees and costs of suit.  Your immediate attention to this matter is required.

     Windstream Capital LLC reserves and preserves all rights and remedies available to it in connection with the Loan, the Loan Documents at law or in equity. Nothing contained herein is intended to constitute a release, waiver, limitation, or modification of the foregoing.  Any delay or forbearance by Windstream Capital LLC in the enforcement or pursuit of any of its rights and remedies under the Loan, or applicable law shall not constitute a waiver thereof, nor shall it be a bar to the exercise of Windstream Capital LLC's rights or remedies at a later date.

     If you have any questions, or would like to discuss this matter, please have your attorney contact me.

              Very truly yours,

              PHILLIP D. BERGER

PDB/slt
cc:  Dawn O'Boyle
     Jeffrey Kurtzman, Esquire (kurtzman@kurtzmansteady.com)

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Whitehall Trust
1177 N. Sixth Street
Whitehall, PA 18052

9590 9402 8288 3094 1110 03

2. Article Number *(Transfer from service label)*

7022 1670 0002 3313 3767

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)     $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required      $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$

Total Po
$

Sent To      Whitehall Trust
Street a    1177 N. Sixth Street
City, Sta   Whitehall, PA 18052

7022 1670 0002 3313 3767

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions