**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEHIGH VALLEY 1 LLC SUCCESSOR BY ASSIGNMENT TO WINDSTREAM CAPITAL LLC, SUCCESSOR BY ASSIGNMENT TO THE UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT SUCCESSOR BY ASSIGNMENT TO M&T REALTY CAPITAL CORPORATION, | No. 5:24-cv-02627-JLS |
| Plaintiff, | Honorable Jeffrey L. Schmehl, J. |
| v. | |
| WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN**
**OPPOSITION OF PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER OF**
**THE RENTS AND PROFITS OF THE MORTGAGED PREMISES**

    **AND NOW**, comes Defendant, Whitehall Trust, U/T/A dated August 1, 2007 ("Defendant" or the "Trust"), by and through its Counsel, Norris McLaughlin, P.A., and submits this Memorandum of Law in Opposition of Plaintiff's Motion for Appointment of Receiver of the Rents and Profits of the Mortgaged Premises (the "Motion").

    In support, the Trust states as follows:

**I.**    **Factual and Procedural Background**

    Lehigh Valley 1 LLC ("Lehigh Valley 1" or "Plaintiff") is attempting to jump the gun before the race even starts. Before this Court even considered the Trust's Motion to Dismiss Plaintiff's First Amended Complaint on the grounds of subject matter jurisdiction and failure to

state a claim, Lehigh Valley 1 seeks extraordinary relief before the Defendant has even defended the allegations asserted against it. Dkt. 9; Dkt. 10. This is not only premature, but also completely unacceptable and improper. For the reasons described herein, Plaintiff has not demonstrated that it is entitled to the appointment of a receiver.

Plaintiff, successor by assignment to Windstream Capital LLC ("Windstream"), which in turn was successor to the Department of Housing and Urban Development ("HUD"), has not properly established that its claims should be heard by this Court. Am. Compl. at 1.

Plaintiff is allegedly a Delaware-registered limited liability company with an alleged place of business in Coral Gables, Florida. Dkt. 7; Am. Compl. at ¶ 1. However, as set forth in Defendant's first and second Motions to Dismiss, Plaintiff has refused to disclose the citizenship of its members with sufficient specificity, which is critical for establishing diversity jurisdiction as mandated by 28 U.S.C. § 1332. Am. Compl. at ¶ 1. The failure to plead the citizenship of its members undermines the Plaintiff's claim of complete diversity, which is required for federal subject matter jurisdiction. Id.

The loan in question, originally provided by M&T Realty Capital Corporation, was for the principal amount of $15,788,700.00 and secured by a mortgage on the Whitehall property located at 1177 N. Sixth Street, Whitehall, Pennsylvania. Am. Compl. ¶¶ 11-12.

Confessed judgment was entered against the Defendant in Lehigh County for Windstream, by the present attorney for Plaintiff. Ex. A. However, the Lehigh County Court of Common Pleas struck the judgment, as evidenced by the order annexed hereto and made a part hereof as Exhibit "A". Id. After the entry of the aforesaid Order, Windstream assigned the mortgage to the newly created entity, Plaintiff. Am. Compl. ¶ 1; Ex. A. Notably, Plaintiff was not formed until February 21, 2024, which happens to be the exact day that oral argument was held on a different judgment

entered by Windstream against a related entity for a loan purportedly acquired under similar circumstances and purported assignment as the within action. Windstream Cap. LLC v. Saucon Trust, C-48-CV-2023-09221(2023), https://tinyurl.com/chsnpypj. The Trust has demonstrated good faith by successfully challenging and having the confessed judgments stricken. Plaintiff's continued failure to accurately present the case's facts and its misleading representation of business operations in Florida underscore the baseless nature of its claims.

For the reasons set forth herein, the Trust now states its opposition to Plaintiff's Motion.

## II.   <u>Legal Standard</u>

Rule 66 of the Federal Rules of Civil Procedure governs the appointment of a receiver. Fed. R. Civ. P. 66.  Federal law governs whether to appoint a receiver in diversity action. U.S. Bank Nat'l Ass'n v. B-R Penn Realty Owner, LP., No. CV 21-0502, 2021 WL 1721863 at *2 (E.D. Pa. Apr. 29, 2021); Wells Fargo Bank, N.A. v. CCC Atl., LLC, 905 F. Supp.2d 604, 610 (D.N.J. 2012) ("In diversity suits, federal law governs the issue of whether a receiver should be appointed."). Under federal law, "there is no precise formula for determining when a receiver may be appointed." U.S. Bank Nat'l Ass'n, No. CV 21-0502, 2021 WL 1721863 at *2 (quoting Canada Life Assur. Co. v. LaPeter, 563 F.3d 837, 845 (9th Cir. 2009)).

The Third Circuit has held the appointment of a receiver is an extraordinary remedy that is not to occur if milder measures will give the plaintiff adequate protection of her rights. Mintzer v. Arthur L. Wright & Co., 263 F.2d 823, 824 (3d Cir. 1959) (holding the appointment of a receiver is "an equitable remedy of rather drastic nature"). The appointment of a receiver should be "should be sparingly exercised, and with great caution and circumspection." Miller v. Fisco, Inc., 376 F. Supp. 468, 470 (E.D. Pa. 1974). It is the moving party's heavy burden to show appointment of a receiver is appropriate. William J. Mansfield, Inc. v. Udren L. Offs., P.C., 2019 WL 1442618, at *2 (E.D. Pa. Mar. 22, 2019).

Generally, prior consent to a receiver is not a controlling factor. <u>PNC Bank, N.A. v. Presbyterian Ret. Corp.</u>, Civil Action No. 14-0461-WS-C, 2014 WL 6065778, at *4 (S.D. Ala. Nov. 13, 2014) ("[P]ersuasive federal case law has determined that contractual consent is merely one non-dispositive factor in the overarching equitable inquiry [for the appointment of a receiver]."); <u>F.D.I.C. v. Vernon Real Est. Invs., Ltd.</u>, 798 F. Supp. 1009, 1012 (S.D.N.Y. 1992) ("[T]he court has the discretion to deny appointment of a receiver under the appropriate circumstances even though the mortgage provides the mortgagee a specific right to an appointment."). The Third Circuit has not determined that a contractual provision appointing is binding. <u>Leonite Cap. LLC v. Founders Bay Holdings</u>, No. 1:22-CV-01547-TBD, 2023 WL 2306739 at *3 (D. Del. Mar. 1, 2023) Rather, one court within the Third Circuit has found this is just one factor the court may consider but is not dispositive. <u>Leonite Cap. LLC</u>, 2023 WL 2306739 *3-4.[1]

## III.   <u>Argument</u>

### a.   *This Court Must Apply Federal Law.*

Plaintiff is mistaken in believing that Pennsylvania law should govern the consideration of this Motion. Plaintiff's Memorandum of Law in Support of its Motion for Appointment of a Receiver ("<u>Memorandum of Law</u>"); <u>Dkt.</u> 8. In diversity suits, federal law governs the appointment of a receiver. <u>Wilmington Tr., Nat'l Ass'n v. 1800 16th St., LLC</u>, No. CV 19-2601, 2020 WL 703653 at *2 (E.D. Pa. Feb. 11, 2020); <u>Canada Life Assurance Co.</u>, 563 F.3d at 842; <u>National Partnership Inv. Corp. v. National Housing Development Corp.</u>, 153 F.3d 1289, 1291-92 (11th Cir. 1998); <u>Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.</u>, 999 F.2d 314, 316 (8th Cir. 1993); <u>Chase</u>

---

[1] Plaintiff alleges that the Trust consented to the appointment of a receiver. Plaintiff's Memorandum of Law in Support of Motion to Appoint Receiver of the Rents and Profits of the Mortgaged Premises at 11. Even if the Trust did consent, this is merely something the Court can consider, and is not a determining factor. E.g. <u>F.D.I.C.</u>, 798 F. Supp. at 1012.

Manhattan Bank, N.A. v. Turabo Shopping Ctr., 683 F.2d 25, 26 (1st Cir. 1982). When sitting in diversity, a federal court exercises its equitable powers independently of state law. Hanna v. Plumer, 380 U.S. 460, 465 (1965). The primacy of federal rules in diversity actions is well established. E.g. Hanna, 380 U.S. at 471.  When a situation is covered by a Federal Rule, the Court must apply the Federal Rule. Id. Specifically, "to the extent Rule 66 dictates what principles should be applied to federal receiverships, courts must comply with the Rule even in the face of differing state law." Stonebridge Bank v. Nita Properties, LLC, No. CIV. 09-5145 RBK/JS, 2011 WL 2173771 *1 n.1 (D.N.J. June 1, 2011).

Plaintiff's plea for the application of state law is completely unfounded and contrary to established law. See Memorandum of Law at 6-7. Even Plaintiff's own Memorandum of Law is quite clear that this Court cannot apply state law. Id. ("In diversity suits, federal law governs the issue of whether a receiver should be appointed.") (emphasis added). Plaintiff's argument for this Court to violate the Federal Rules is based on a gross misinterpretation of Canada Life. Id. Canada Life explicitly states that state law regarding the appointment of a receiver does cannot be applied by a federal court sitting in diversity. 563 F.3d at 842 ("The primacy of the federal rules in diversity actions is well-settled."). The ruling was unequivocal that federal law governs Rule 66. Id. In Canada Life, the issue was whether a court should consider Idaho law in a federal action under diversity jurisdiction. See id. at 846. The 9th Circuit was incredibly clear: "federal law governs the issue of whether to appoint a receiver in a diversity action." Id. at 843. Thus, Lehigh Valley 1's arguments are baseless and must be summarily rejected.

This Court must not apply or consider state law in its consideration of whether to appoint a receiver in this matter.

      **b.**      *Plaintiff has not Met its Heavy Burden to Justify the Appointment of a Receiver.*

For argument's sake, even if Plaintiff can establish subject matter jurisdiction, which it has thus far refused to do, this Court must not appoint a receiver because Plaintiff has not met its heavy burden.

This Court weighs nine (9) factors to determine whether the appointment of a receiver is necessary. Est. of Liberman v. Playa Dulce Vida, S.A., No. CV 14-3393, 2023 WL 6535337 at *1 n.1 (E.D. Pa. Apr. 3, 2023). A court considers: "(1) the probability of the plaintiff's success in the action; (2) the possibility of irreparable injury to the plaintiff's interests in the property; (3) the inadequacy of the security to satisfy the debt; (4) the probability that fraudulent conduct has occurred or will occur to frustrate the plaintiff's claim; (5) the financial position of the debtor; (6) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (7) the inadequacy of available legal remedies; (8) the lack of a less drastic equitable remedy; and (9) the likelihood that appointing a receiver will do more harm than good." Est. of Liberman, 2023 WL 6535337 at *1 n.1 (citing Comerica Bank v. State Petroleum Distribs., Inc., No. 08-678, 2008 WL 2550553, at *4 (M.D. Pa. June 2, 2008)). No single factor is dispositive. See Est. of Liberman, 2023 WL 6535337 at *1 n.1. Here, weighing the nine (9) factors shows all factors point strongly against appointing a receiver.

      *i.*      *Plaintiff has a Low Chance of Success in the Action*

Lehigh Valley 1 has not shown it has a high chance of success in this action for purposes of this factor. Under this first factor the Court considers whether the moving party has already received judgment in its favor. Est. of Liberman, 2023 WL 6535337 at *1 n.1. in other words, the Court looks at whether the claim has advanced beyond a motion to dismiss. Lieberman v. Corporacion Experienca Unica, S.A., 226 F. Supp. 3d 451, 473 (E.D. Pa. 2016). In Est. of Liberman, the court found that the party requesting the receiver had already succeeded on the

merits of its claims against the defendant at a trial in front of a jury. 2023 WL 6535337 at *1 n.1. Therefore, in that case, the Court held that this factor favored the appointment of a receiver. Id.

On the contrary, this case has not proceeded beyond the filing of a Motion to Dismiss. As set forth in the Motion to Dismiss, Plaintiff has refused to sufficiently plead subject matter jurisdiction by repeatedly refusing to disclose the citizenship of its members, as required under federal law. Am. Compl. ¶¶ 1-5. Plaintiff has not advanced its case beyond Defendant's Motion to Dismiss which points against this factor. Lieberman, 226 F. Supp. 3d at 473.

Moreover, Plaintiff misconstrues this factor, erroneously believing it pertains to *potential* success in this case—an irrelevant consideration at this stage. Memorandum of Law at 12-13. Under the first factor, the Court considers whether the moving party has already succeededby receiving a favorable judgment. See Est. of Liberman, 2023 WL 6535337 at *1 n.1.

In an effort to garner support for its premature motion, Lehigh Valley 1 selectively recounts the events leading to this matter. As alleged, Plaintiff through its alter ego, Windstream, initially confessed judgment in the Lehigh County Court of Common Pleas. Ex. A. The confession of judgment was entered administratively and arises from the mortgage note and related documents. Id. The Lehigh County Court struck the judgment on April 16, 2024 after considering Defendant's Petition to Open and/or Strike the same. Id. When a judgment is stricken, it is as if it never existed. United States v. Jerry, 487 F.2d 600, 607 (3d Cir. 1973) abrogated on other grounds by Ohio v. Johnson, 467 U.S. 493, 500 n.9 (1984)). Accordingly, there is no credible argument that Lehigh Valley 1 has already received a judgment against the Defendant.

Here, Lehigh Valley 1 has utterly failed to demonstrate success on the merits, as the only order ever entered was stricken. Ex. A. This glaring deficiency decisively weighs against appointing a receiver. Plaintiff's inability to secure any favorable judgment exposes the

- 7 -

baselessness of Lehigh Valley 1's argument and highlights the blatant impropriety of appointing a receiver in this case. Plaintiff's request is built on a foundation of legal failure and should be rejected outright.

     *ii.    Lehigh Valley 1 has not shown an irreparable injury*

     Plaintiff has failed to show a scintilla of evidence for an irreparable injury to justify the extreme remedy of a receiver.

     This second prong is only satisfied if the non-moving party's liabilities exceed the value of its assets. Est of Liberman, 2023 WL 6535337 at *1 n.1. To satisfy this prong, the moving party must engage in discovery to determine the total value of the moving party's assets. Id. Absent such discovery, a court "cannot conclude that [the moving party] will suffer irreparable injury." Id. (emphasis added); c.f. Fimbel v. Fimbel Door Corp., No. CV141915FLWDEA, 2016 WL 1379788 (D.N.J. Apr. 7, 2016) (finding the fact that discovery was complete to weigh in favor of appointing a receiver). The reason is simple—the moving party may obtain the relief she seeks without the appointment of a receiver. Est of Liberman, 2023 WL 6535337 at *1 n.1. Afterall, courts are reluctant to find an irreparable injury to a plaintiff who can be compensated with alternative relief. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).

     Lehigh Valley 1 cannot possibly satisfy this prong at this juncture. Plaintiff tends to jump the gun, as evidenced by filing this Motion without allowing the Court due time to consider the Trust's Motion to Dismiss Plaintiff's First Amended Complaint on both subject matter jurisdiction and failure to state a claim. Most shockingly, no discovery has been made in this matter. Plaintiff, relying on mere speculation, cannot satisfy this prong because discovery has not even commenced. Lehigh Valley 1 has no direct knowledge of the Trust's current assets. See Memorandum of Law. In addition, there has been no discovery on the true measure of Plaintiff's damages, which

Defendant disputed in its Petition to Open and which it intends to dispute in this proceeding as well.[2]

Simply put, Plaintiff has failed to satisfy the second prong in any shape or form because no discovery has occurred and a Motion to Dismiss is still pending.

     iii.     *The Security Interest is Adequate*

While the process of assignment and irregularities relating thereto cause question as to the validity of the position and rights of Plaintiff, the mortgage at issue is averred by it to be adequately perfected under the applicable local law. When weighing this third factor, a court considers whether the moving party has a security interest in the relevant collateral. William J. Mansfield, Inc., 2019 WL 1442618 at *3. A secured creditor is likely to satisfy this factor, which weighs against the appointment of a receiver. Id. Conversely, an unsecured creditor's status is neutral in this context. Id. A mortgagee is a secured creditor under a mortgage agreement. See generally, In re Stendardo, 991 F.2d 1089, 1096 (3d Cir. 1993), as amended (June 21, 1993).

Here, multiple times Lehigh Valley 1 has trumpeted that it is a secured party. Memorandum of Law at 2 ("The Note was secured by, inter alia, a mortgage."); Id. at 11-12. ("Defendant's continued failure to pay the monthly amounts due on the loan, which is secured by the Mortgage.")

It is evident that Plaintiff's security interest in the relevant property is more than adequate. Therefore, this factor weighs heavily against appointing a receiver. The adequacy of the security makes the appointment of a receiver unnecessary and unwarranted.

     iv.     *There is no Fraudulent Conduct*

Plaintiff has not met its heavy burden to show fraudulent conduct on behalf of the Trust. As a preliminary matter, not once in Plaintiff's Memorandum of Law in support of the Motion or

---

[2] The confessed judgment was stricken without the need to consider Defendant's substantive defenses.

the Motion itself does Lehigh Valley 1 allege the Trust engaged in fraudulent conduct—as such this factor has not been satisfied because it has been waived by Plaintiff. See Memorandum of Law.

Assuming arguendo, this Court should consider this factor—which it should not—Plaintiff has not shown fraudulent conduct by the Trust. When considering whether fraud occurs the Court considers whether the moving party has brought a fraud claim against the non-moving party. Est. of Liberman, 2023 WL 6535337 at *1 n.1. It is not enough for the moving party to allege failure to comply with certain terms of an agreement. Id.; William J. Mansfield, Inc., 2019 WL 1442618, at *1 (finding a receiver not warranted where the plaintiff "expresse[d] concern that [the defendant's] lack of transparency about its finances may portend future fraudulent conduct"); Citizens Bank, N.A. v. Nostrum Lab'ys, Inc., No. CV 23-20765 (GC) (JTQ), 2024 WL 3199951 at *13 (D.N.J. June 27, 2024) (mere documents that puffed up defendant's financial picture not enough to show fraud).

The elements of fraud are: (i) the defendant made a false statement or omitted a crucial fact; (ii) the defendant knew that the statement was false or acted with reckless disregard for the truth; and (iii) the defendant intended to mislead the plaintiff. See Shaw v. United States, 137 S. Ct. 462, 464 (2016).

Plaintiff has utterly failed to satisfy this factor. Even if this Court were to entertain Plaintiff's alleged claims that Defendant allegedly failed to provide certain documents, this is far from sufficient to demonstrate fraud. See Memorandum of Law at 13. Plaintiff has not brought a fraud claim against the Trust in its Amended Complaint, which is a necessary requirement under this factor. See Am Compl. Lehigh Valley 1 has not alleged that Defendant made a false statement, nor that Defendant knew the statement was false with the intent to mislead Plaintiff. See

- 10 -

Memorandum of Law. This glaring omission underscores the complete lack of any substantive fraud allegations. See id. Plaintiff's failure to meet the basic elements of fraudulent conduct renders Lehigh Valley 1's argument entirely without merit and demonstrates a blatant attempt to mislead the Court.

       *v.*     *There has been no discovery related to the Trust's financial position*

Because there has been no discovery concerning the Trust's financial position, this factor is not satisfied. Under this factor, the Court considers whether the parties have conducted discovery. Est. of Liberman, 2023 WL 6535337 at *1 n.1. Additionally, the Court takes into account the age of the financial statements used to demonstrate a shaky financial position. Id. Naturally, more recent statements are more likely to accurately reflect the current financial status. Id. In Est. of Liberman, this Court found the fifth factor was not met when no discovery had been conducted and the alleged evidence of financial distress was outdated. Id.

   The same situation exists here. To begin with, not an iota of discovery has occurred in this case. See Dkt. (showing no discovery schedule has been issued by this Court). Furthermore, the evidence Plaintiff cites to demonstrate a weak financial position is all old and outdated. Memorandum of Law at 13-16. For instance, Plaintiff relies on 2021 audited statements to show a net loss by the Trust—these statements are three years old. Id. at 15. In fact, Lehigh Valley 1 even acknowledges that it does not have current financial reporting for the Trust. Id. (writing that Plaintiff lacks current financial information for Defendant). This severely undermines Plaintiff's argument and weighs heavily against Lehigh Valley 1. Consequently, this factor strongly militates against appointing a receiver.

       *vi.*     *There is no imminent danger of the property being lost, concealed, injured, diminished in value or squandered*

Plaintiff has not shown that the property will be imminently endangered of being lost, concealed, injured, diminished in value or squandered. This factor considers whether the non-moving party has actively harmed the property. In U.S. Bank Nat'l Ass'n v. Elder PA. I Del. Bus. Tr., the US District Court for the Western District of Pennsylvania appointed a receiver where the evidence showed the property was abandoned, not generating income, and required remediation. 2018 WL 4863596, at *3 (W.D. Pa. Oct. 8, 2018). By contrast, in B-R Penn Realty Owner, LP., this Court refused to appoint a receiver where it was that a property was being renovated, partially occupied by renters, and generating income. 2021 WL 1721863 at *3. Moreover, this Court was clear that mere non-payment is not enough to satisfy this factor. Id.

Plaintiff's reliance on Greenfield of Perkiomen Valley, LLC, is completely misplaced. Greenfield of Perkiomen Valley, LLC did not hold that the borrower's failure to make payments satisfied this factor. Deutsche Bank Tr. Co. Americas as Tr. for Registered Holders of Wells Fargo Com. Mortg. Sec., Inc. Multifamily Mortg. Pass-Through Certificates, Series 2016-KS06, No. CV 23-1439, 2024 WL 38040 at *2 (E.D. Pa. Jan. 3, 2024). Rather, the Court found this factor was satisfied when the defendant had three (3) other properties in receiverships and could not avoid "demise." Id. Here, the Trust has no other properties in receiverships and is not near its demise, Greenfield of Perkiomen Valley, LLC is completely distinguishable.

Plaintiff's reliance on Fed. Nat'l Mortg. Ass 'n v. Maple Creek Gardens, LLC, is similarly misguided. Maple Creek Gardens, LLC is readily distinguishable and does not stand for the proposition that mere non-payment is enough to show waste. Fed. Nat. Mortg. Ass'n, No. 09-14703, 2010 WL 374033 at *3. (E.D. Mich. Jan. 25, 2010). In that case, it was shown via testimony that the property in question had increased vacancies, and tenant quality was deteriorating. Maple

Creek Gardens, LLC, 2010 WL 374033 at *3.  That is not the case here because the property is a thriving property and tenant quality is maintained.

Plaintiff has completely confused the issues on this prong. In Lehigh Valley 1's Memorandum of Law, Plaintiff argues that mere non-payment of certain monies owed is enough to show waste. Memorandum of Law at 10-11. Plaintiff then goes on to accuse the Trust of being in a dubious financial position despite conducting no discovery into this fact. See id. Not once has Plaintiff averred that the property is in a state of disrepair, as required by the Elder PA. I Del. Bus. Tr. Court. 2018 WL 4863596, at *3. Instead, the property is occupied by tenants who are senior citizens, and the property remains in good condition. C.f. id. Accordingly, Plaintiff has against failed to establish the necessary facts to support the requested relief. *Plaintiff has an Adequate Legal Remedy*

Because Lehigh Valley 1 has alternative and adequate legal remedies this factor weighs against the appointment of a receiver.

The appointment of a receiver is a drastic remedy. KeyBank Nat'l Assoc. v. Fleetway Leasing Co., 781 Fed. Appx. 119, 122 (3d Cir. 2019). Accordingly, alternative legal remedies are preferred due to the receiver remedy's drastic nature. See KeyBank Nat'l Assoc., 781 Fed. Appx. at 122.

Here, Plaintiff could seek alternative legal remedies. Est of Liberman, 2023 WL 6535337 at *1 n.1 (considering alternative options as less intrusive legal remedies compared to appointment of a receiver). There are alternative legal remedies that Lehigh Valley 1 could seek before this Court orders the drastic remedy of a receiver.

As such, because alternative legal remedies exist this factor weighs against the appointment of a receiver.

vii.     *Plaintiff has Another Equitable Remedy Available*

More importantly, Plaintiff has an alternative equitable remedy in the form of a mortgage foreclosure this factor weighs against the appointment of a receiver. A mortgage foreclosure is an equitable remedy. E.g. United States v. Sunoco, Inc., 501 F. Supp. 2d 641, 652 (E.D. Pa. 2007).

For example, in Hipple v. Hipple, this Court found the appointment of a receiver to sell patents appropriate because time was of the essence. Civ. No. 12-1256, 2016 WL 1449231, at *2 (E.D. Pa. Apr. 13, 2016). The patents were set to expire soon, and the defendant had failed to comply with a judicial order to sell the patents. Id.

Here, the Plaintiff itself has clearly shown that it has an equitable remedy available. In its Amended Complaint, Plaintiff has already requested a mortgage foreclosure against the property. Am. Compl. In fact, Plaintiff boasts times in its Memorandum of Law that it will succeed in the mortgage foreclosure action. Memorandum of Law at 13. ("[Lehigh Valley 1] is likely to succeed in the mortgage foreclosure action."). Unlike in Hipple, Plaintiff clearly has an alternative remedy it can pursue.  2016 WL 1449231, at *2. By now seeking the appointment of a receiver, Lehigh Valley 1 is attempting to jump the gun like a sprinter bolting from the starting blocks before the race even begins. This premature and drastic remedy is unnecessary and unjustified.

Here, the Plaintiff itself has clearly shown that it has an equitable remedy available. In its Amended Complaint, Plaintiff has already requested a mortgage foreclosure against the property. By now seeking the appointment of a receiver, Lehigh Valley 1 is attempting to jump the gun like the United States did in the Bay of Pigs Invasion. Just as the premature and poorly planned invasion of Cuba led to a swift and embarrassing defeat, Plaintiff's hasty and unjustified motion for a receiver is both unnecessary and reckless.

This Court need not entertain such an extreme request when Plaintiff's own filing acknowledges the availability of a different equitable remedy. Memorandum of Law at 13. Plaintiff's attempt to appoint a receiver is a gross overreach. The existing foreclosure action is the proper and sufficient avenue to address the issues at hand. Therefore, this motion for the appointment of a receiver should be denied outright as an unnecessary and excessive action.

viii.    *A Receiver Would do More Harm than Good*

Appointing a receiver would do more harm than good and this weighs against appointing a receiver. It is not enough for the moving party to allege that the receiver will require the non-moving party to follow certain formalities. Est. of Liberman, 2023 WL 6535337 at *1 n.1. Rather, this Court considers the burden of appointing a receiver. Id. The appointment of a receiver "unquestionably interferes" with a party's right to otherwise control her property. Mintzer, 263 F.2d at 825; The harm to the moving party must "clearly overbalance" the harm to non-moving party related to the appointment of a receiver. KeyBank, 781 Fed. Appx. at 122.

Lehigh Valley 1 has utterly failed to demonstrate that the appointment of a receiver clearly outweighs the harm to the Trust. Plaintiff largely speculates that the appointment of a receiver will help "collect rents, pay bills, ensure proper insurance is in place, and maintain the physical structure." Memorandum of Law at 18. Furthermore, Lehigh Valley 1 engages in baseless conjecture that a receiver would be beneficial, stating, "[i]f Defendant continues to operate the facility, the collateral may be harmed, and the resident's welfare may be endangered." Id. (emphasis added).

This Court has been unequivocally clear that mere speculation about the potential benefits of a receiver is insufficient. Est. of Liberman, 2023 WL 6535337 at *1 n.1. The appointment of a receiver must demonstrably overbalance the harm caused by interfering with a party's right to

control its property. <u>KeyBank</u>, 781 Fed. Appx. at 122. Here, the receiver would significantly disrupt the Trust's ability to manage its property, causing more harm than good. The Trust's current management has not been proven to be inadequate, and Plaintiff's speculative fears do not justify such an extreme measure.

Importantly, the Property operates an acute medical care and nursing facility for elderly patients, with a particular specialization in memory care.  Defendant possesses extensive expertise in managing the property's business operations, which are subject to stringent federal and state regulations, including those enforced by the Centers for Medicare & Medicaid Services, the Health Insurance Portability and Accountability Act, and the Pennsylvania Department of Health. The Trust has established comprehensive systems to ensure compliance with these complex reporting obligations and maintains the necessary credentials and standards through regular staff training, internal audits, and proactive management. Appointing a receiver would not only disrupt this carefully maintained operation, risking non-compliance, potential penalties, and a decline in the quality of care provided to residents that the Trust specializes in and excels in, but could also negatively impact Defendant's licensure and ability to continue proving care to its patients. Given Defendant's proven ability to handle these responsibilities, the appointment of a receiver is unnecessary and would likely be detrimental to the property's continued success and regulatory compliance that is necessary for its residents.

Therefore, this Court should firmly reject Plaintiff's motion for the appointment of a receiver as it is both unnecessary and unjustified. Accordingly, because <u>all</u> nine (9) factors weigh against the appointment of a receiver, one must not be appointed.

### IV.    <u>Conclusion</u>

As Plaintiff has failed to show entitlement to the drastic remedy of a receiver and this Court should deny the Motion in full.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**

Dated: <u>August 14, 2024</u>

<u>/s/ Rebecca J. Price</u>
Rebecca J. Price, Esquire
Attorney I.D. No. 206182
515 Hamilton Street, Suite 502
Allentown, PA 18101
Phone: (610) 391-1800
E-mail: rprice@norris-law.com
*Attorneys for Defendant*