# **Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEHIGH VALLEY 1 LLC SUCCESSOR BY ASSIGNMENT TO WINDSTREAM CAPITAL LLC, SUCCESSOR BY ASSIGNMENT TO THE UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT SUCCESSOR BY ASSIGNMENT TO M&T REALTY CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007,<br><br>Defendant. | No. 5:24-cv-02627-JLS<br><br>Honorable Jeffrey L. Schmehl, J. |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF A RECEIVER OF THE RENTS AND PROFITS OF THE
MORTGAGED PREMISES**

AND NOW, comes Defendant, Whitehall Fiduciary LLC, as trustee of Whitehall Trust U/T/A dated August 1, 2007, (hereinafter referred to as "Defendant" or the "Trust"), by and through its undersigned Counsel, and submits this Memorandum of Law in support of Plaintiff's Sur-Reply for an order denying the Motion of Plaintiff, Lehigh Valley 1 LLC (hereinafter referred to as the "Plaintiff" or "Lehigh Valley 1") for the Appointment of a Receiver of the Rents and Profits of the Mortgaged Premises (the "Motion").

I.   **ARGUMENT**

**A.  PLAINTIFF LACKS STANDING AND THE ASSIGNMENTS ARE INVALID**

As a preliminary matter, this Court should not consider Plaintiff's arguments related to assignment and standing because at no point did Defendant reference standing and assignment arguments in its Response in Opposition to Plaintiff's Motion ("Response to Motion"). See Dkt. 11; see also Response to Motion. A reply brief may "[address] only issues raised in the brief in opposition,") Judge Jeffrey L. Schmehl's Local Rules II (C)(2) at 5.

These arguments Plaintiff is proffering were never articulated in Defendant's Response to Motion. See Response to Motion. Perhaps Plaintiff is trying to buttress Lehigh Valley 1's already dubious standing and assignment arguments in other pleadings. Nonetheless, such an action is improper and in violation of Your Honor's local rules and must not be considered.

1. Plaintiff lacks standing to bring this action

Plaintiff failed to present any valid arguments establishing its standing or proving the validity of the mortgage or note assignments. The chain of assignments is not only legally defective but also improperly documented. The assignments did not, in any way, transfer rights, title, or interest in the mortgage or note to the Plaintiff.

Plaintiff attempts to assert standing by citing J.P. Morgan Chase Bank, N.A. v. Murray, a Pennsylvania case. Even if this Court were to consider Murray—which it should not—Murray supports the Defendant's position. J.P. Morgan Chase Bank, N.A, 63 A.3d 1258 (2013). In Murray, the Pennsylvania Superior Court held that a judgment could be entered against the plaintiff if it failed to produce an original and correct copy of the mortgage note. 63 A.3d at 1267-68. Similarly, in this case, Plaintiff has failed to produce valid documents that would assign Lehigh Valley 1 any rights in the mortgage or note.

Simply put, without a valid assignment, a plaintiff has no standing to assert a claim. As the Third Circuit made clear in Cmty. Med. Ctr. v. Loc. 464A UFCW Welfare Reimbursement Plan, a party can—and should—challenge the scope of rights in an assignment., 143 Fed.Appx 433, 436 (3d Cir. 2005). If a right wasn't properly assigned, that party has no legal ground to advance a claim based on it—this is all Defendant is arguing. Cmty. Med. Ctr., 143 Fed. Appx. at 436.

2. The assignments to Windstream and to Plaintiff are invalid

Contrary to Plaintiff's baseless assertions, both referenced assignments were not properly executed, recorded nor fully enforceable. See Reply Brief in Further Support of Plaintiff's Motion for Appointment of Receiver at 2 ("Reply"); Dkt. 14.

a. The assignment from HUD to Windstream is invalid

The assignments from the Department of Housing and Urban Development ("HUD") to Windstream Capital, LLC ("Windstream"), and subsequently from Windstream to Plaintiff, are both invalid. The assignment from HUD to Windstream failed to meet the bidder qualification requirements. Peters v. United States, 694 F.2d 687, 695 (Fed. Cir. 1982). A government entity cannot—and must not—award a contract based on a non-conforming bid. Id.

Plaintiff has no legal standing to enforce any claims against Defendant because the assignment from HUD to Windstream and subsequently Windstream to Lehigh Valley 1 are invalid. Plaintiff's entire argument is built on an invalid and flawed foundation, rendering these claims baseless. Assuming this Court should even consider these arguments, it should dismiss them outright. Further compounding the issue, the assignment from Windstream to Plaintiff is equally invalid due to its failure to meet the necessary licensure requirements to own and service mortgage loans. Id.

   b. *Contrary to Plaintiff's argument the assignments were not properly recorded*

Plaintiff did not properly record the mortgage and note. Plaintiff's claim to enforce the mortgage is fundamentally flawed due to the absence of a recorded endorsement or assignment of the underlying note. Although there are recorded assignments of the mortgage from HUD to Windstream and from Windstream to Plaintiff, there is no corresponding recorded transfer of the note itself which was required by the documents. Dkt. 7; Am. Compl. Ex. H; Am. Compl. Ex.I. The absence of such a recorded transfer is significant because the note, representing the actual debt obligation, must be properly endorsed and transferred to confer the legal right to enforce the debt. Without this, Plaintiff's standing to assert claims based on the mortgage is nonexistent.

Additionally, the mortgage assignments are recorded in the Lehigh County Land Records, these recordings alone do not confer the right to enforce the underlying debt. The enforceability of the mortgage is directly tied to the possession of the note. The fact that there is no recorded assignment or endorsement of the note creates a significant gap in the chain of title rendering Plaintiff's claim to enforce the mortgage and collect the underlying debt legally defective.

 3. <u>The Trust has standing to challenge the assignments</u>

As a preliminary matter, Plaintiff has not proffered any precedent to articulate that it cannot challenge the assignments rather Plaintiff relies on US Bankruptcy Court for the Eastern District of Pennsylvania and an unpublished Third Circuit case. Dkt. 14; Reply at 3.

Even assuming arguendo, this Court should consider these two (2) non-precedential cases they are inapplicable. <u>In re Walker</u> is fully inapplicable. The case at hand does not involve a pooling and servicing agreement ("<u>PSA</u>"). 466 B.R. 271, 285-86 (Bankr. E.D. Pa. 2012). The

challenge here is not related to the compliance with a PSA or the securitization process, but rather to the validity of the assignments themselves.

Bauer is also distinguishable. Here, the question is whether the assignment properly conveyed the specific scope of rights that are now being enforced. This challenge directly affects whether the party seeking to enforce the mortgage has the authority to do so, based on the rights that were transferred in the assignment. Bauer v. Mortgage Electronic Registration Systems, Inc., 618 F. App'x 147, 149 (3d Cir. 2015).

Simply put, without a valid assignment, a plaintiff has no standing to assert a claim. As the Third Circuit made clear in Cmty. Med. Ctr., a party can—and should—challenge the scope of rights in an assignment. 143 Fed.Appx. at 436 (3d Cir. 2005). If a right wasn't properly assigned, that party has no legal ground to advance a claim based on it—this is all Defendant is arguing. Id.

4. Due to the assignment issues Plaintiff cannot brings its claims

The law is clear that if a right is not properly assigned, a plaintiff cannot seek recovery for that nonexistent right. Cmty. Med. Ctr., 143 Fed.Appx. at 436 (3d Cir. 2005). Here, due to improper assignments, Plaintiff cannot assert these claims.

B. STATE LAW MAY NOT BE CONSIDERED

Plaintiff proffers several incorrect arguments to argue that Pennsylvania law may be considered in appointing a receiver. See Reply Brief at 4-5.

To make this argument, Plaintiff cites to Mintzer v. Arthur L. Wright & Co. Reply Brief at 5. That case did apply state law to the appointment of a receiver. Mintzer v. Arthur L. Wright &

Co., 263 F.3d 823, 824 (3d Cir. 1959). However, Mintzer decided in 1959, crucially predates the U.S. Supreme Court case of Hanna v. Plumer from 1965. The U.S. Supreme Court in Hanna was very clear: where a federal rule is on point, state law must not be considered. Plumer, 380 U.S. 460, 465 (1965). Hanna overruled Mintzer for the proposition that state law can be considered in the appointment of receiver. See Hanna, 380 U.S. at 465; Midwest Bank v. Goldsmith, 467 F. Supp. 3d 242, 247 (M.D. Pa. 2020). Plaintiff is attempting to cite overruled case law to request this Court violate federal law.

Moreover, Lichter Gateway IV, is also inapplicable. The Lichter Gateway IV court only considered state law related to contractual arguments; the court considered federal law related to the appointment of a receiver. Wells Fargo Bank, N.A. for Morgan Stanley Cap. I Inc., Com. Mortg. Pass-through Certificates, Series 2006-IQ12 v. Lichter Gateway IV, LLC, No. CV 17-2036 (KM)(MAH), 2017 WL 5957072 at *6 n.10 (D.N.J. Dec. 1, 2017) ("Lichter cites cases from other federal jurisdictions, which have applied different standards for appointment of a receiver.")

None of these cases support the proposition that state law should be considered.

### C. PLAINTIFF HAS STILL NOT MET ITS HEAVY BURDEN TO JUSTIFY THE APPOINTMENT OF A RECEIVER

Because all factors weigh against the appointment of a receiver, this Court must not appoint a receiver.

Plaintiff cites a case from the US Court for the District of New Jersey for the incorrect proposition that the appointing a receiver is not a drastic remedy. United States v. Berk & Berk, 767 F. Supp. 593, 598 (D. N.J. 1991). This case is not binding on this Court and contradicted by

the precedent of both the Third Circuit and this Court. <u>Maxwell v. Enter. Wall Paper Mfg. Co.</u>, 131 F.2d 400, 403 (3d Cir. 1942); <u>Levin v. Garfinkle</u>, 514 F. Supp. 1160, 1163 (E.D. Pa. 1981) ("[The a]ppointment of a receiver is a drastic remedy which should be invoked only under unusual circumstances."). Plaintiff has not met its burden to justify this drastic remedy.

1. <u>Plaintiff has not shown a probability of success on the merits</u>

Plaintiff has failed to demonstrate a probability of success on the merits for this prong. Plaintiff has provided no case law or statutory authority suggesting that this factor should be assessed based on the likelihood of success rather than whether a judgment was obtained. <u>See</u> Reply at 5-6. The reason is simple: relevant case law contradicts Plaintiff's position. <u>Lieberman v. Corporacion Experienca Unica, S.A.</u>, 226 F. Supp. 3d 451, 473 (E.D. Pa. 2016). This factor, therefore, weighs against appointing a receiver.

2. <u>There is not a possibility of irreparable injury</u>

Plaintiff misrepresents this prong. This factor examines whether any level of discovery has taken place. In fact, Plaintiff's own citation, <u>U.S. Bank National Ass'n v. Nesbitt Bellevue Property LLC</u>, supports this principle. Reply at 6. In <u>Nesbitt Bellevue Property LLC</u>, the court had already ruled on a motion to dismiss and conducted an evidentiary hearing to assess whether a receiver was warranted. <u>U.S. Bank Nat. Ass'n</u>, 866 F.Supp.2d 247, 249 (S.D.N.Y., 2012) Here, however, neither the Trust's Motion to Dismiss has been resolved nor has any evidentiary discovery occurred. <u>See</u> <u>Dkt.</u> (showing the Motion to Dismiss remains undecided and no discovery has occurred). Therefore, under this prong, a receiver should not be appointed.

3. <u>The security interest is adequate</u>

Plaintiff cites no case law to refute Defendant's correct interpretation that this factor only considers whether there is a security interest. Compare Reply at 6; with William J. Mansfield, Inc. v. Udren L. Offs., P.C., 2019 WL 1442618, at *3 (E.D. Pa. Mar. 22, 2019).[1] Plaintiff has conceded this factor.

4. Lehigh Valley 1 selectively decides whether fraudulent conduct occurred

.   Plaintiff selectively interprets this prong. It's true that showing fraud is not a strict requirement for appointing a receiver. Reply at 6. However, whether to appoint a receiver is based on a balancing test that considers various factors. E.g. Kennedy v. Superintendent Dallas SCI, 50 F.4th 377, 382 (3d Cir. 2022) (explaining a balancing test weighs all factors). Notably, Plaintiff even concedes that it "has not previously alleged fraud." Reply at 6. Therefore, this factor weighs against the appointment of a receiver.

5. There is not enough evidence concerning the Trust's Financial Position

Plaintiff relies on dated arguments regarding the Trust's financial position, without citing any legal authority to support the claim that this Court cannot appoint a receiver without discovery on this issue. Compare Reply at 7; with Est. of Liberman v. Playa Dulce Vida, S.A., No. CV 14-3393, 2023 WL 6535337 at *1 n.1 (E.D. Pa. Apr. 3, 2023). Consequently, Plaintiff has effectively waived any argument on this factor.

---

[1] "In considering the adequacy of the security, it's important to note that in *In re SubMicron Systems Corp.*, the Third Circuit emphasized that 'substance must prevail over form' and that security should reflect the actual economic interest of the creditor. 432 F.3d 448, 455 (3d Cir. 2006). Here, Windstream only paid $2 million for the note, which suggests that the security should be measured based on this amount, not the full value of the note.

6. <u>There is not imminent danger to the property</u>

Plaintiff has failed to demonstrate any imminent danger to the property.[2] Importantly, <u>Nesbitt Bellevue Prop. LLC</u>, established that this prong can only be satisfied after an evidentiary hearing. 866 F. Supp.2d at 249. Since no evidentiary hearing or discovery has taken place on this issue, this factor weighs against appointing a receiver. <u>See</u> <u>Dkt.</u>

7. <u>There is an adequate remedy</u>

Plaintiff proffered no law to support that it lacks an adequate equitable remedy. The reason? Plaintiff has an alternative equitable remedy in the form of a mortgage foreclosure. This factor weighs against the appointment of a receiver. A mortgage foreclosure is an equitable remedy. <u>E.g. United States v. Sunoco, Inc.</u>, 501 F. Supp. 2d 641, 652 (E.D. Pa. 2007). Plaintiff has a valid remedy at its disposal.

8. <u>Lack of Less Drastic Equitable Remedy</u>

Plaintiff has available multiple less drastic equitable remedies. Here, Plaintiff could seek alternative legal remedies such as a Motion for Bond or a Motion for Charging Order. <u>Est of Liberman</u>, 2023 WL 6535337 at *1 n.1 (considering these options as less intrusive legal remedies compared to appointment of a receiver). There are alternative legal remedies that Lehigh Valley 1 could seek before this Court orders the drastic remedy of a receiver.

---

[2] This prong considers actual physical decay, non-occupation by renters, and insufficient income at the property only. <u>U.S. Bank Nat'l Ass'n v. B-R Penn Realty Owner, LP.</u>, No. CV 21-0502, 2021 WL 1721863 at *2 (E.D. Pa. Apr. 29, 2021).

9. <u>A receiver would do more harm than good</u>

A receiver would do more harm than good due to the complexities of the operations at the property. Plaintiff has not articulated how a receiver would meet these unique challenges. Reply at 8-9. Importantly, the property operates an acute medical care and nursing facility for elderly patients, with a particular specialization in memory care. Defendant possesses extensive expertise in managing the property's business operations, which are subject to stringent federal and state regulations, including those enforced by the Centers for Medicare & Medicaid Services, the Health Insurance Portability and Accountability Act, and the Pennsylvania Department of Health. The Trust has established comprehensive systems to ensure compliance with these complex reporting obligations and maintains the necessary credentials and standards through regular staff training, internal audits, and proactive management.

Despite these complexities, Plaintiff has yet to articulate how a receiver could effectively manage these unique and demanding responsibilities. Reply at 8-9. Appointing a receiver would not only disrupt this carefully maintained operation—risking non-compliance, potential penalties, and a decline in the quality of care provided to residents—but could also jeopardize Defendant's licensure and ability to continue providing care. Given Defendant's proven ability to handle these critical obligations, the appointment of a receiver is both unnecessary and likely to be detrimental to the property's continued success and regulatory compliance, which are essential for the well-being of its residents.

As such, despite Plaintiff's arguments all factors weigh against the appointment of a receiver.

### D. The Contractual Provision is Just One Factor to Weigh

Plaintiff is mistaken that the contractual provision is significant. Reply at 9. Rather, this is just one fact that this court can weigh in its decision. PNC Bank, N.A. v. Presbyterian Ret. Corp., Civil Action No. 14-0461-WS-C, 2014 WL 6065778, at *4 (S.D. Ala. Nov. 13, 2014) ("[P]ersuasive federal case law has determined that contractual consent is merely one non-dispositive factor in the overarching equitable inquiry [for the appointment of a receiver]."); F.D.I.C. v. Vernon Real Est. Invs., Ltd., 798 F. Supp. 1009, 1012 (S.D.N.Y. 1992) ("[T]he court has the discretion to deny appointment of a receiver under the appropriate circumstances even though the mortgage provides the mortgagee a specific right to an appointment."). The Third Circuit has not determined that a contractual provision appointing a receiver is binding. Leonite Cap. LLC v. Founders Bay Holdings, No. 1:22-CV-01547-TBD, 2023 WL 2306739 at *3 (D. Del. Mar. 1, 2023) Rather, one court within the Third Circuit has found this is just one factor the court may consider but is not dispositive. Leonite Cap. LLC, 2023 WL 2306739 *3-4.

### II. CONCLUSION

As Plaintiff has failed to show entitlement to the drastic remedy of a receiver and this Court should deny the Motion in full.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**

Dated: August 27, 2024

/s/ *Rebecca J. Price*
Rebecca J. Price, Esquire
Attorney I.D. No. 206182
515 Hamilton Street, Suite 502
Allentown, PA 18101
Phone: (610) 391-1800
E-mail: rprice@norris-law.com
*Attorneys for Defendant*