# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEHIGH VALLEY 1 LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION**<br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007**<br>　　　　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>NO.　5:24-cv-02627-JLS |

## PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Lehigh Valley 1 LLC ("Plaintiff"), by and through its undersigned counsel, hereby submits this Sur-Reply in Further Opposition to Defendant Whitehall Fiduciary LLC's Motion to Dismiss.

**I.　　INTRODUCTION**

In its reply brief, Defendant made new arguments regarding the applicability of *Nowicki v. Green*, 1999 WL 305243 (E.D. Pa. May 12, 1999) and *Sync Labs LLC v. Fusion-Mfg.*, 838 F. App'x 665 (3d Cir. 2020). Plaintiff did not have an opportunity to address these arguments in its opposition brief and believes a brief surreply would assist the Court in fully considering these issues.

## II.     ARGUMENT

### 1. *Nowicki v. Green* Does Not Support Defendant's Claims Related to Abstention

Defendant mischaracterizes the holding of *Nowicki v. Green*, No. CIV. A. 98-5100, 1999 WL 305243 at *3 (E.D. Pa. May 12, 1999). While the *Nowicki* court stated there is "no principled distinction in this regard between a confession of judgment proceeding and a mortgage foreclosure proceeding", the *Nowicki* court was only stating this equivalence of the two proceedings in terms of the right of the plaintiff in that matter to bring an ECOA violation claim.

The court in *Nowicki* certainly did not broadly equate a confession of judgment proceeding and a mortgage foreclosure proceeding for all purposes. Confession of judgment and mortgage foreclosure remain distinct causes of action under Pennsylvania law, with different elements and different procedures.

The *Nowicki* court's limited statement regarding confession of judgment actions being equivalent to a mortgage foreclosure action for the raising of an ECOA claim, and for the raising of an ECOA statute of limitations issue, does not support Defendant's argument that these proceedings are somehow interchangeable. *Nowicki* does not state that a prior confession of judgment action bars a subsequent foreclosure action. Defendant's claims regarding the *Nowicki* holding are simply overbroad and functionally inaccurate.

### 2. *Sync Labs LLC v. Fusion-Mfg*. Does Not Support Defendant's Claims Regarding Jurisdictional Requirements

Defendant further misstates the holding of *Sync Labs LLC v. Fusion-Mfg.*, 838 Fed. Appx. 665 (3rd Cir. 2020). *Sync Labs* involved whether diversity jurisdiction was cured when a non-diverse party was dismissed. The *Sync Labs* case did not address standing to challenge mortgage assignments.

The *Sync Labs* court's statement about the lack of documents identifying *Sync Labs'* members was merely an observation about that case's specific record. In fact, the *Sync Labs'* court expressly stated that the record "seems not to include any document definitively identifying Sync Labs' members". That is not the facts nor issues presented in this matter, as Plaintiff Lehigh Valley 1 LLC has provided a detailed organizational chart listing all of the members of the LLC, and their state of residence. Pursuant to the detailed organizational chart, there is total diversity in this action. Accordingly, the identity of the actual members of Plaintiff Lehigh Valley 1 LLC is not a question in this matter, as it was in *Sync Labs*.

Further, *Sync Labs* does not establish any general rule requiring production of an LLC's operating agreement to prove diversity, as Defendant suggests. Defendant's citation to *Sync Labs* simply does not support dismissal of this action.

### 3. The Confession of Judgment Action Was Closed Prior To The Filing Of This Mortgage Foreclosure Action; The Two Actions Are Not Parallel

Defendant's reply brief again improperly claims that this a parallel proceeding. However, as the prior stricken confession of judgment action was stricken and marked closed prior to the current mortgage foreclosure proceeding being filed, it is obvious that the matters are not parallel.

To be deemed parallel proceedings, the cases must be pending at the same time. *Nardelli v. Lamparski*, No. 2:20-CV-01723-CRE, 2021 U.S. Dist. LEXIS 241012 (W.D. Pa. Dec. 17, 2021). Put simply, where the state court proceeding is not ongoing nor pending, and has been terminated, there is no parallel litigation requiring abstention because "[t]he threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding." *IFC Interconsult, AG*, 438 F.3d at 306. See *Bass v. Butler*, 258 F.3d 176, 179 (3d Cir. 2001) ("[A]bstention is . . . inapplicable under Colorado River and Younger] because it provides for federal deference to ongoing, not completed, parallel state proceedings."); *Spring City Corp. v.*

5

*Am. Bldgs. Co*., 193 F.3d 165, 172 (3d Cir. 1999) (requiring "simultaneous litigation" in state and federal courts for Colorado River abstention to apply).

In this matter, the confession of judgment action and the current foreclosure proceeding are not parallel, and are not simultaneous, based upon the fact that the prior confession of judgment was stricken and marked closed. Only after the state court action was stricken and closed was this mortgage foreclosure action filed in the Federal court. These undisputable facts, of record, are evidence that we do not have a parallel judicial proceeding. As these cases are not simultaneously pending, as the state court case has been marked closed, the parallel proceeding doctrine fails. Accordingly, Defendant's claim fails.

### *4. Plaintiff Wishes To Correct An Erroneous Citation In Its Response*

In its opposition brief, Plaintiff inadvertently cited to *Weise v. Bank of America, N.A.*, for the proposition that a borrower lacks standing to challenge the validity of a mortgage assignment. Plaintiff actually intended to cite *Potoczny v. Aurora Loan Servs.*, 636 F. App'x 115, 119 (3d Cir. 2015), which stands for this principle. Specifically, *Potoczny* makes it clear that if the purported mortgagee establishes that it holds the original note, endorsed to it or in blank, it is entitled to enforce the note, even in the face of questions regarding the chain of possession. Moreover, *Potoczny* expressly states that it "is immaterial whether there were defects in the assignment of the mortgage" to the mortgagee's right to enforce the mortgage.

Plaintiff apologizes for this confusion and seeks to correct this citation error.

### 5. **Defendant's Remains In Default Of Its Contractual Obligations**

Finally, Plaintiff must note that Defendant's tactics appear to be throwing as much mud against the wall as possible to see what sticks. Defendant's meritless claims regarding jurisdiction,

assignments, and abstention do not cure its many clear and uncontested defaults on its contractual obligations, which Defendant signed to receive $15,788,700.00!

This is a simple breach of contract matter. Defendant borrowed millions of dollars and was required to make regular monthly payments to repay the over $15.7 million it received. The Defendant pledged the real property at issue in this mortgage foreclosure action to secure the $15.7 million loan it requested, and it received. It is undisputed that Defendant has not made any payments due on the Note and Mortgage for a number of years. Defendant has expressed no justification for its non-payment. Defendant's actions in this matter are merely designed to delay the proceedings and judgment as long as possible so that the Defendant can continue to keep the millions of dollars it received, rather than repaying the amounts due. We ask this Honorable Court to stop this madness!

This matter must be permitted to proceed so that Defendant can be held accountable for its actions and its continued breaches.

### III. CONCLUSION

As Defendant's Motion to Dismiss has no merit, the Court should deny Defendant's Motion in its entirety and this matter should proceed.

Respectfully submitted,
BERGER LAW GROUP, P.C.

By: *Phillip D. Berger*
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0774
Berger@BergerLawPC.com
Counsel for Plaintiff

Dated: __9/4/24__

7