UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEHIGH VALLEY 1 LLC
                              Plaintiff,

v.

WHITEHALL FIDUCIARY LLC, AS
TRUSTEE OF WHITEHALL TRUST
U/T/A DATED AUGUST 1, 2007.
                              Defendant.

CASE NO.  5:24-cv-02627-JLS

Honorable Jeffrey L. Schmehl, J.

## PLAINTIFF'S STATUS REPORT REGARDING JURISDICTIONAL DISCOVERY

Pursuant to this Court's Order dated November 18, 2024, Plaintiff Lehigh Valley 1 LLC ("LV1" or "Plaintiff") hereby submits this Status Report regarding jurisdictional discovery.

As an initial matter, Plaintiff notes that Defendant has made only a facial challenge to diversity jurisdiction, without presenting any specific facts (or any facts whatsoever) to demonstrate that either the Plaintiff, or any of the Plaintiff's corporate members, individual members, trustees, or related parties are citizens of the Commonwealth of Pennsylvania.

Courts have consistently held that jurisdictional discovery is not warranted for mere facial challenges where, as here, Plaintiff's amended complaint properly alleges complete diversity. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Under *Lincoln Benefit*, a plaintiff need not "affirmatively allege the citizenship of each member of a defendant LLC" to survive a facial challenge. *Id.* at 105. Rather, when a plaintiff alleges complete diversity in good

1

faith after reasonable investigation, those allegations are sufficient to satisfy Federal Rule of Civil Procedure 8(a)(1)'s requirement of a "short and plain statement of the grounds for the court's jurisdiction." *Id.*

Further, as Your Honor has recently and specifically explained, "a facial attack 'challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true.'" *Gridkor, LLC v. Gorbach*, 2024 U.S. Dist. LEXIS 124732, at *2 (E.D. Pa. July 15, 2024) (*quoting Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

Nevertheless, in the interest of complete transparency, Plaintiff has fully cooperated with jurisdictional discovery.

Plaintiff notes that Defendant's discovery requests which extend beyond the limited issue of diversity jurisdiction are improper under the Court's November 18, 2024 Order, which explicitly restricted discovery "solely concerning the issue of jurisdiction." This limitation is consistent with this Court's approach to jurisdictional discovery, which should be narrowly focused on establishing citizenship of the parties. *See Gridkor*, 2024 U.S. Dist. LEXIS 124732, at *1-2 (limiting jurisdictional inquiry to evidence establishing citizenship and domicile of parties). Accordingly, Defendant's requests regarding operational matters, loan servicing, HUD compliance, and other issues are wholly unrelated to citizenship of the parties and exceed the scope of permissible jurisdictional discovery.

In accordance with the Court's Order, Plaintiff has produced comprehensive documentation establishing complete diversity between the parties. Plaintiff has produced:

1. Redacted operating agreements for all member LLCs, showing membership information and signature blocks (Bates Nos. LV1 0001-208).

   These documents demonstrate that:

   - Plaintiff LV1 is a Delaware LLC with its registered agent in Wilmington, Delaware
   - NPL Lehigh Valley LLC is a Delaware LLC with its registered agent in Wilmington, Delaware
   - Windstream Capital LLC is a Delaware LLC with its registered agent in Dover, Delaware
   - Greenwich Investors Lehigh Valley LLC is a Delaware LLC with its registered agent in Wilmington, Delaware
   - Greenwich Investors 1 LLC is a Delaware LLC with its registered agent in Wilmington, Delaware
   - WM Daugherty & Company LLC is a Delaware LLC with its registered agent in Wilmington, Delaware
   - C R Andersen Investments LLC is a Florida LLC with its registered agent in Plantation, Florida
   - Lumberjack Investors LLC is a Florida LLC with its registered agent in St. Augustine, Florida
   - WMD Children's LLC is a Minnesota LLC located in Minneapolis, Minnesota
   - Prospect Pools 1 LLC is a Florida LLC with its registered agent in Coral Gables, Florida

2. Redacted trust agreements showing information relevant to citizenship (Bates Nos. LV1 0209-348), which establish:

   - James Fratangelo Irrevocable Trust is a Florida trust
   - Lisa Gindling Family Trust is a Florida trust

- William M. Daugherty and Alexandra Daugherty Irrevocable Trust FBO George W. Daugherty and James Daugherty is a California trust

3. Driver's licenses and other documentation establishing citizenship of individual members, settlors, and trustees (Bates Nos. LV1 0349-363), confirming:

   - James Fratangelo is a resident of Miami, Florida
   - Lisa Gindling is a resident of Miami, Florida
   - Elonna Ashurova is a resident of Montauk, New York
   - Colin Andersen is a resident of Neptune Beach, Florida
   - Jack M. Kegelmeyer, Sr. is a resident of Heath, Texas
   - Jack M. Kegelmeyer, Jr. is a resident of St. Augustine, Florida
   - William M. Daugherty is a resident of Ponte Vedra Beach, Florida
   - Alexandra Daugherty is a resident of Florida
   - Todd Phelps is a resident of Florida
   - Dennis E. Carlton has provided an affidavit confirming his Florida citizenship

The provided documentation conclusively establish that neither the Plaintiff, nor any corporate member entity, nor any individual (either as a member of Plaintiff, or of a member corporation, or individually), nor any trust, nor any trustee nor any settlor is a citizen of Pennsylvania.

Plaintiff's organizational structure has been fully documented through the provided corporate schematic, all operating agreements, trust documents, and the verification of all individual citizenships. Plaintiff has fully and properly shown that complete diversity exists between Plaintiff and the Defendant.

Notably, Defendant has not identified any specific challenge to diversity jurisdiction, nor has Defendant identified any entity or individual connected to

Plaintiff who has even the possibility of being a Pennsylvania citizen. Instead, Defendant has made only generalized challenges while seeking discovery far beyond the scope of jurisdictional issues. Under established precedent, such facial challenges without specific factual allegations do not warrant extensive jurisdictional discovery. *See Chestnut St. Consol., LLC v. Dawara*, 571 F. Supp. 3d 392, 399-400 (E.D. Pa. 2021). As the Third Circuit explained in *Lincoln Benefit*, when a defendant mounts a facial attack, a court must consider the allegations "in the light most favorable to the plaintiff". 800 F.3d at 105.  Moreover, as this Court has emphasized, the party (Defendant) claiming lack of diversity jurisdiction bears "the initial burden of producing sufficient evidence to rebut the presumption in favor of the established" jurisdictional allegations. *Gridkor*, 2024 U.S. Dist. LEXIS 124732, at *3-4. Defendant has failed to meet its burden.

The documentation produced by Plaintiff fully supports the jurisdictional allegations set forth in Plaintiff's Amended Complaint, which allegations were made in good faith and with sufficient specificity to establish diversity jurisdiction.

The subsequent jurisdictional discovery, while unnecessary given that the Defendant only made a facial challenge, has only further confirmed the complete diversity of citizenship between the parties through comprehensive documentation

5

of every layer of Plaintiff's organizational structure, and has conclusively demonstrated that the Plaintiff has no connection to Pennsylvania at any level.

Finally, with regard to Defendant's claims and demands for discovery related to the assignment of the underlying loan documents, it is well-established in this Circuit that a defendant who is not a party to the assignment, nor a beneficiary of an assigned contract lacks standing to challenge the validity of that assignment. *See, e.g., In re Walker*, 466 B.R. 271, 285-86 (Bankr. E.D. Pa. 2012); *Bauer v. Mortgage Electronic Registration Systems, Inc.*, 618 F. App'x 147, 149 (3d Cir. 2015); *Potoczny v. Aurora Loan Servs.*, 636 F. App'x 115, 119 (3d Cir. 2015). Defendant's attempt to incorporate additional Rule 12(b)(6) discovery requirements into this Court's limited jurisdictional discovery Order is therefore both procedurally and substantively improper.

Accordingly, Plaintiff has fully complied with this Court's directed limited jurisdictional discovery obligations, which discovery fully supports Plaintiff's claims of diversity. Therefore, Plaintiff Lehigh Valley 1 LLC respectfully requests that the Court deny the Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,
BERGER LAW GROUP, P.C.

Dated: <u>December 20, 2024</u>        By: _____

Phillip D. Berger, Esquire
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0774
Berger@BergerLawPC.com
Counsel for Plaintiff

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LEHIGH VALLEY 1 LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION** | CIVIL ACTION<br><br>NO.  5:24-cv-02627-JLS |
| Plaintiff, | |
| v. | |
| **WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Phillip D. Berger, Esquire, hereby certify that a true and correct copy of the forgoing was served on all parties on this date via email.

Respectfully submitted,
BERGER LAW GROUP, P.C.

Dated: December 20, 2024       By:

PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0774
Berger@BergerLawPC.com
Counsel for Plaintiff

7