UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEHIGH VALLEY 1 LLC SUCCESSOR BY ASSIGNMENT TO WINDSTREAM CAPITAL LLC, SUCCESSOR BY ASSIGNMENT TO THE UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT SUCCESSOR BY ASSIGNMENT TO M&T REALTY CAPITAL CORPORATION,<br><br>   Plaintiff,<br><br> v.<br><br>WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007,<br><br>   Defendant. | No. 5:24-cv-02627-CH<br><br>Honorable Catherine Henry, J. |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH NEW MATTER

*AND NOW*, come Defendant, Whitehall Fiduciary LLC, as Trustee of Whitehall trust U/T/A dated August 1, 2007 (hereinafter known as "Defendant" or the "Trust"), by and through its undersigned counsel, and respond to the allegations of Lehigh Valley 1 LLC's ("Plaintiff" or "LV1") First Amended Complaint ("Amended Complaint") as follows:

1. Defendant acknowledges that Delaware Department of State Division of Corporations website identifies the existence of a Delaware limited liability company under the

1

name of "Lehigh Valley 1 LLC", but at a different address and without other sufficiently identifying factors. After a reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the remainder of the matter asserted in Paragraph 1 of Plaintiff's Amended Complaint. As such, the averments are denied, and strict proof thereof is demanded.

2. Admitted as to Whitehall Trust; Denied as to Whitehall Fiduciary LLC, its Trustee, which is a Pennsylvania limited liability company, and admitted as to the mailing address of each of them.

3. After a reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 3 of Plaintiff's Amended Complaint. As such, the averments are denied, and strict proof thereof is demanded.

4. After a reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 4 of Plaintiff's Amended Complaint. As such, the averments are denied, and strict proof thereof is demanded.

5. Admitted.

6. Paragraph 6 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 6 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

7. Paragraph 7 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 7 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

8. Admitted.

9. Admitted.

10. Denied. Defendant denies that the Note was validly or legally assigned to Windstream Capital LLC, and incorporates by reference the Affirmative Defenses and Counterclaims paragraphs as if fully set forth herein. Defendant avers that HUD illegally and improperly prevented Defendant and anyone associated with it from bidding on the loan and otherwise has failed to comply with applicable law.

11. Denied. Defendant denies that Windstream had valid title or interest to assign to LV1.

12. Admitted.

13. Denied. As pleaded above, Defendant denies that the Note was validly transferred by HUD and also denies that the Mortgage or any rights as may be claimed thereby were validly transferred or assigned.

14. Denied. As pleaded above, Defendant denies that the Note was validly transferred by HUD and also denies that the Mortgage or any rights as may be claimed thereby were validly transferred or assigned by HUD or that Windstream had any valid right to assign.

15. Denied. Plaintiff's predecessor in interest and its interest are not valid assignments of the Note and/or Mortgage. By way of further response, Defendant incorporates the paragraphs of the Affirmative Defenses and Counterclaim and the foregoing responses.

16. Paragraph 16 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. It is specifically denied that the Note was properly assigned by the United States Secretary of Housing and Urban Development ("HUD") to Windstream Capital LLC ("Windstream") or that it was validly assigned to LV1.

17. Denied. The acts of HUD preventing Defendant from participating in the auction of the Note and unlawfully preventing it or an affiliate from acquiring the Note compel change in the terms and obligations thereof, as well as providing defenses to any originally stated obligations.

18. Denied. Paragraph 18 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. The Trust denies any attempt by Plaintiff to mischaracterize the content of the written document.

19. Denied. Paragraph 19 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. It is specifically denied that the Assignment of Mortgage from HUD to Windstream was proper.

20. Denied. Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Defendant denies that the Assignment of Mortgage from Windstream to LV1 LLC was proper, as it arises from a series of transactions tainted by HUD's, LV1's, and Windstream's unlawful acts and omissions. Defendant further avers that Plaintiff's title is invalid due to HUD's failure to conduct a lawful and fair transfer process.

21. Denied. Paragraph 21 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 21 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded. It is specifically denied that LV1 LLC is the valid holder of the Note and Mortgage, as the assignment chain involves multiple improper transfers. Defendant further avers that HUD's actions unlawfully excluded WM or its affiliates from the opportunity to acquire the Note and Mortgage, rendering subsequent assignments invalid and voidable.

22. Denied. Paragraph 22 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. The Trust denies any attempt by LV1 to mischaracterize the content of the written document.

23. Denied. Paragraph 23 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Defendant denies that the alleged assignments of the Note and Mortgage were lawful or valid. Defendant avers that HUD's improper conduct in the sale and transfer process directly undermines LV1's claim of title.

24. Denied. Paragraph 24 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Defendant denies that the alleged assignments of the Note and Mortgage were lawful or valid. Defendant avers that HUD's improper conduct in the sale and transfer process directly undermines LV1's claim of title.

25. Denied. Paragraph 25 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Defendant denies that the Assignment of Mortgage from Windstream to LV1 LLC was proper, as it arises from a series of transactions tainted by HUD's unlawful acts and omissions. Defendant further avers that Plaintiff's title is invalid due to HUD's failure to conduct a lawful and fair transfer process..

26. Denied. Paragraph 26 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 26 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

27. Denied. Paragraph 27 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 27 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded. It is specifically denied that the improper assignments of the Note and Mortgage to LV1 required the Trust to make payments to Plaintiff. By way of further response, Defendant denies that the alleged assignments of the Note and Mortgage were lawful or valid. Defendant avers that HUD's improper conduct in the sale and transfer process directly undermines LV1's claim of title.

28. Denied. After a reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 28 of Plaintiff's Amended Complaint. As such, the averments are denied, and strict proof thereof is demanded. By way of further response, Defendant avers that HUD's unilateral actions, including the reserve account offset, were unlawful and breached obligations to Defendant and other interested parties.

29. Denied. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 29 of Plaintiff's Amended Complaint. As such, the averments are denied, and strict proof thereof is demanded.

30. Denied. Paragraph 30 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 30 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

31. Denied. Paragraph 31 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Paragraph 31 of

Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 31 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

32. Denied. Paragraph 32 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 32 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded. It is specifically denied that the assignment of the Note or Mortgage to LV1 was proper.

33. Denied. Paragraph 33 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Defendant denies that the Assignment of Mortgage from Windstream to LV1 LLC was proper, as it arises from a series of transactions tainted by HUD's unlawful acts and omissions. Defendant further avers that Plaintiff's title is invalid due to HUD's failure to conduct a lawful and fair transfer process.

34. Denied. Paragraph 34 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Paragraph 34 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 34 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded. By way of further response, Defendant denies that the alleged assignments of the Note and Mortgage were lawful or valid. Defendant avers that HUD's improper conduct in the sale and transfer process directly undermines LV1's claim of title.

35. Denied. Paragraph 35 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Paragraph 35 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 35 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

36. Denied. Paragraph 36 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. By way of further response, Defendant denies that the Assignment of Mortgage from Windstream to LV1 was proper, as it arises from a series of transactions tainted by HUD's unlawful acts and omissions. Defendant further avers that Plaintiff's title is invalid due to HUD's failure to conduct a lawful and fair transfer process.

37. Denied. Paragraph 37 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 37 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

38. Denied. Paragraph 38 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 38 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

39. Denied. Paragraph 39 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 39 of Plaintiff's

Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

40. Denied. Paragraph 40 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 40 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded. By way of further response, Paragraph 40 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. Defendant specifically denies that the Note and Mortgage were properly assigned to Plaintiff and that LV1 LLC has standing to bring this foreclosure action. Defendant further avers that the assignment chain is void due to HUD's unlawful exclusion of WM from the transfer process.

41. Denied. Paragraph 41 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 41 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

42. Denied. Paragraph 42 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 42 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

43. Denied as a paragraph of incorporation to which no response is required.

44. Denied. Paragraph 44 of Plaintiff's Amended Complaint references a written document, the content of which speaks for itself. Defendant denies any attempt by Plaintiff to mischaracterize the content of the written document. Defendant specifically denies that the Note

and Mortgage were properly assigned to Plaintiff and that LV1 LLC has standing to bring this foreclosure action. Defendant further avers that the assignment chain is void due to HUD's unlawful exclusion of WM from the transfer process. By way of further response, Paragraph 44 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 44 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded. It is specifically denied that the assignment of Note and the Mortgage to Plaintiff was proper.

45. Denied. Paragraph 45 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 45 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

46. Denied. Paragraph 46 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 46 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded. It is specifically denied that the assignment of the Note and Mortgage to Plaintiff was proper and that LV1 has standing to bring this action. It is specifically denied that LV1 is the valid holder of the Note and Mortgage, as the assignment chain involves multiple improper transfers. Defendant further avers that HUD's actions unlawfully excluded Defendant or its affiliates from the opportunity to acquire the Note and Mortgage, rendering subsequent assignments invalid and voidable

47. Denied. Paragraph 47 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 47 of Plaintiff's

Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

48. Denied. Paragraph 48 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no responsive pleading is required. Defendant specifically denies that the Note and Mortgage were properly assigned to Plaintiff and that LV1 LLC has standing to bring this foreclosure action. Defendant further avers that the assignment chain is void due to HUD's unlawful exclusion of WM from the transfer process. To the extent that Paragraph 48 of Plaintiff's Amended Complaint does contain an averment of fact, the same is denied, and strict proof thereof is demanded.

*WHEREFORE*, the Trust respectfully request that this Honorable Court enter judgment in their favor and against LV1, together with costs, disbursements, and attorneys' fees under, <u>inter alia</u>, FED. R. CIV. P. 11, and such further relief that the Court should deem just and equitable.

## Affirmative Defenses

The Trust reserves the right to assert any and all applicable defenses to Plaintiff's claims. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of FED. R. CIV. P. 8(c), and without conceding that any such defense must be set forth in their Answer, the Trust states as follows:

## First Affirmative Defense

Plaintiff's Amended Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## Second Affirmative Defense

At all times material hereto, Plaintiff lacks standing to bring this action due to improper assignments and improper transfer and/or chain of title.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by reason of Plaintiff's own conduct.

### Fourth Affirmative Defense

At all times material hereto, the actions of Defendant were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

### Fifth Affirmative Defense

As a matter of law, Plaintiff is not entitled to punitive, liquidated or compensatory damages.

### Sixth Affirmative Defense

Plaintiff has not incurred any damages as a result of the conduct alleged in the Amended Complaint.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of fraud.

### Tenth Affirmative Defense

Plaintiff's claims are barred by waiver.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrine of claim preclusion.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of issue preclusion.

### Fourteenth Affirmative Defense

Plaintiff's claim barred in whole or in part by the doctrine of impossibility of performance.

### Fifteenth Affirmative Defense

Plaintiff's claim barred in whole or in part by the doctrine of frustration of purpose.

### Sixteenth Affirmative Defense

Plaintiff's claim barred in whole or in part by the doctrine of justification.

### Seventeenth Affirmative Defense

Defendant was never in default under the Note and Mortgage subject to this proceeding and, thus, the sale of said loan documents upon default is invalid and void.

### Eighteenth Affirmative Defense

HUD failed to follow procedures required by the Loan Documents, including, but not limited to, proper application of Defendant's Reserve Account to the loan balance, provision of an Estoppel Letter, Certificate of Balance Due, accounting or Notice and Opportunity to cure, and accordingly the sale of said loan documents upon default is invalid and void.

### Nineteenth Affirmative Defense

Neither Plaintiff nor Windstream are qualified bidders as defined by the HUD Multifamily and Healthcare Loan Sale Qualification Statement or other related HUD qualification statements and thus, the assignment of the loan documents to them is invalid and void.

### Twentieth Affirmative Defense

Neither Plaintiff nor Windstream have provided a plan for relocation of the residents of Defendant's facility, nor have either shown they are qualified to service the loans in this action in violation of the HUD Multifamily and Healthcare Loan Sale Qualification Statement and related HUD regulations, thus the assignment of the loan documents is invalid and void.

### Twenty-first Affirmative Defense

Plaintiffs' damages are grossly overstated.

### Twenty-second Affirmative Defense

Plaintiffs are seeking amounts far in excess of their actual damages and far in excess of the value of the Property at issue.

### Twenty-third Affirmative Defense

Plaintiff has failed to provide an accurate account of the loan documents.

### Twenty-fourth Affirmative Defense

It is believed that Plaintiffs and/or Windstream have not accurately accounted all payments made by Defendant toward the Note.

### Twenty-fifth Affirmative Defense

It is believed that the monies in the Reserve Account have been applied to the loan balance.

### Twenty-sixth Affirmative Defense

Neither Plaintiff nor Windstream have the proper credentials or licensure to operate an acute nursing facility and pursuit of this action threatens Defendants' existing credentials and/or licensure.

### Twenty-seventh Affirmative Defense

By virtue of the assignment of the Loan Documents, Plaintiff and Windstream were required to abide by the National Housing Act, which they have thus far failed and refused to do.

### Twenty-eighth Affirmative Defense

Plaintiff and Windstream have denied Defendant any opportunity to utilize the workout process set forth in the National Housing Act. 7 CFR § 3560.453

### Twenty-ninth Affirmative Defense

The alleged default of the Loan Documents was caused in whole or in part by the acts or inactions of third parties over whom Defendant had no control or right of control.

### Thirtieth Affirmative Defense

Any damages alleged by Plaintiff were caused in whole or in part by actions or inactions of third parties not joined to this proceeding.

### Thirty-first Affirmative Defense

The alleged default was caused wholly by an Act of God.

### Thirty-second Affirmative Defense

Defendant's obligation to pay the Note was relieved by the doctrine of Force majeure

### Thirty-third Affirmative Defense

At all times relevant hereto, Plaintiff has acted in bad faith with regard to its dealing with Defendant and the loan documents.

### Thirty-fourth Affirmative Defense

Defendant asserts all available defenses not specifically set forth above.

*WHEREFORE*, the Trust respectfully requests that this Honorable Court enter judgment in Defendant's favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, inter alia, FED. R. CIV. P. 11, and such further relief that the Court should deem just and equitable.

## COUNTERCLAIM

1. The Trust is a Pennsylvania limited liability company with its principal place of business at 1177 Sixth Street, Whitehall, Pennsylvania 18052.

2. Upon information and belief, LV1 is a Delaware limited liability company composed of trusts and other business entities whose domiciles are Oregon, Maryland, Florida, Texas, Minnesota, and New York.

**COUNT ONE**

*Wrongful Foreclosure*

3. Defendant, Whitehall Fiduciary LLC, as Trustee of Whitehall Trust U/T/A dated August 1, 2007 (the "Trust" or "Defendant"), repeats and realleges each of the preceding paragraphs of the Counterclaims and incorporates them as if fully set forth herein.

4. Plaintiff improperly, without standing, seeks to foreclose on the Trust's property situated at 1177 Sixth Street, Whitehall, Pennsylvania 18052 (the "Property") based on invalid assignments of the mortgage and loan documents.

5. The assignments were made in violation of HUD regulations, including but not limited to improper transfers for the purpose of forum shopping and evading mandatory pre-foreclosure requirements.

6. Plaintiff failed to comply with HUD guidelines requiring pre-foreclosure loss mitigation procedures, such as proper notice and providing the Defendant with a meaningful opportunity to cure any alleged default.

7. Plaintiff has no legal standing to initiate or pursue the foreclosure action because the assignments were invalid, and Plaintiff does not have a valid interest in the mortgage or note.

8. Plaintiff's actions have caused significant harm to the Trust, including legal costs, damage to its reputation, and disruption to its operations.

***WHEREFORE***, Defendant demands judgment on this Count against Plaintiff for damages, interest, and costs of suit.

## COUNT TWO

*Unjust Enrichment*

9. Defendant repeats and realleges each of the preceding paragraphs of the Counterclaims and incorporates them as if fully set forth herein.

10. Plaintiff and its predecessors, including Windstream Capital LLC, have been unjustly enriched by seeking amounts they are not entitled to under the law, including sums grossly in excess of what they paid to acquire the loan.

11. Plaintiff has failed to comply with HUD regulations and lacks the legal authority to enforce the loan obligations, rendering their claims for payments inequitable and invalid.

12. . Plaintiff seeks amounts far exceeding the value of the property securing the loan, making it unreasonable and unjust for them to expect such payment.

13. It would be inequitable for Plaintiff to retain any financial benefit from Defendant, given LV1's failure to adhere to federal law and the disproportionate nature of their demands.

14. As a result, Plaintiff has received or seeks to receive a financial windfall at Defendant's expense, which unjustly enriches Plaintiff and undermines equitable principles.

***WHEREFORE***, Defendant demands judgment on this Count against Plaintiff for damages, interest, and costs of suit.

## COUNT THREE

*Negligent Misrepresentation*

15. Defendant repeats and realleges each of the preceding paragraphs of the Counterclaims and incorporates them as if fully set forth herein.

16. Plaintiff and LV1's predecessors negligently misrepresented their compliance with HUD regulations, including certifying that they qualified to bid on the property and had an adequate relocation plan in place, when in fact they were not and did not.

17. By accepting the assignment, Plaintiff in effect certified to HUD that LV1 was in compliance with federal regulations, including the requirement to implement a relocation plan, despite failing to meet these obligations.

18. Plaintiff and its predecessors failed to exercise reasonable care in ensuring the accuracy of these certifications and representations, creating a false impression of their qualifications and compliance a material fact.

19. Plaintiff's and its predecessors' actions were designed to induce HUD to assign the mortgage to LV1's predecessors.

20. Defendant reasonably relied on Plaintiff's and its predecessor's representations and omissions, resulting in financial harm, including unnecessary payments and legal fees.

21. Plaintiff's conduct was willful, malicious, and intended to deceive Defendant to gain an unjust financial benefit.

**WHEREFORE**, Defendant demands judgment on this Count against Plaintiff for damages, interest, and costs of suit.

Respectfully submitted:

**NORRIS McLAUGHLIN P.A.**

Dated: January 16, 2025        By: */s/ Rebecca J. Price*
Rebecca J. Price, Esquire
Attorney I.D. No. 206182
515 Hamilton Street, Suite 502
Allentown, Pennsylvania 18101
Phone: (610) 391-1800

By: *Ben Sheppard*
Benjamin P. Sheppard, Esquire
Attorney I.D. No. 331569
515 Hamilton Street, Suite 502
Allentown, Pennsylvania 18101
Phone: (610) 391-1800
*Attorneys for Defendant/ Counterclaim Plaintiff*