IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEHIGH VALLEY 1, LLC, successor by assignment to WINDSTREAM CAPITAL, LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION, | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO. 24-2627 <br> : <br> : <br> : |
| Plaintiff | : |
| v. | : <br> : |
| WHITEHALL FIDUCIARY LLC, as TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007 | : <br> : <br> : |
| Defendant | |

| | |
|---|---|
| LEHIGH VALLEY 1, LLC, successor by assignment to WINDSTREAM CAPITAL, LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION, | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO. 24-2709 <br> : <br> : <br> : |
| Plaintiff | : |
| v. | : <br> : |
| SAUCON TRUST U/T/A DATED OCTOBER 1, 2007 | : <br> : |
| Defendant | : |

**BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED TO
WHITEHALL MANOR, INC., SAUCON VALLEY MANOR, INC.,
BROOKSIDE COMMERCIAL CONSTRUCTION CO., INC.,
PENNSYLVANIA VENTURE CAPITAL, INC., AND NIMITA KAPOOR ATIYEH
OR ALTERNATIVELY FOR A PROTECTIVE ORDER**

SL1 3832391v2 118398.00007

On October 1, 2025, Plaintiff's counsel emailed the undersigned requesting the acceptance of service of five subpoenas totaling 190 document requests directed to non-parties. A true and correct copy of each subpoena is attached and marked as Exhibits A-E, respectively. None of the 190 requests related to the only two issues relevant in this mortgage foreclosure action: whether a mortgage exists and whether defendants defaulted on such mortgage. Plaintiff's service of expansive, irrelevant document requests to non-parties violates Federal Rule of Civil Procedure 45(d)(1), which requires a party and attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The requested documents also include information protected by the Health Insurance Portability and Accountability Act ("HIPAA").

The non-parties Whitehall Manor, Inc., Saucon Valley Manor, Inc., Brookside Commercial Construction Co., Inc., Pennsylvania Venture Capital, Inc., and Nimita Kapoor Atiyeh (the "Non-Party Respondents") respectfully request the Court quash the subpoenas or, in the alternative, enter a protective order.

**I. Relevant Factual History**

Plaintiff initiated the above-captioned mortgage foreclosure actions on June 14, 2024, and June 20, 2024, respectively, seeking to foreclose on two separate mortgages.

Defendant Whitehall Fiduciary LLC, as Trustee of Whitehall Trust U/T/A Dated August 1, 2007 ("Defendant Whitehall") allegedly secured a loan in the principal sum of $15,788,700.00 in accordance with certain terms and conditions of a certain mortgage note dated January 26, 2012. (24-2627 at ECF No. 7, ¶ 11.) The Note was purportedly secured by, *inter alia*, a mortgage dated January 26, 2012, on the real property located at 1177 6th Street, Whitehall, PA 18052 ("Whitehall Property"). (*See id*. at ¶ 12.) Plaintiff alleges that Defendant Whitehall is "the real owner of the

1

land and improvements subject to the Mortgage." (*See id*. at ¶ 13.) Plaintiff contends that it is the current holder of the foregoing Note and Mortgage. (*See id*. at ¶ 21.) Plaintiff further contends that Defendant Whitehall "is in default of the Note and Mortgage due to its failure to make the required payments of principal and interest as and when due thereon." (*See id*. at ¶ 26.)

Defendant Saucon Trust, U/T/A Dated October 1, 2007 ("Defendant Saucon") allegedly secured a loan in the principal sum of $19,462, 800.00 in accordance with certain terms and conditions of a certain mortgage note dated December 1, 2012. (24-2709 at ECF No. 9, ¶ 11.) The Note was purportedly secured by, *inter alia*, a mortgage dated December 1, 2012, on the real property located at 1050 Main Street, Unit #1, Hellertown, PA ("Saucon Property"). (*See id*. at ¶ 12.) Plaintiff alleges that Defendant Saucon is "the real owner of the land and improvements subject to the Mortgage." (*See id*. at ¶ 13). Plaintiff contends that it is the current holder of the foregoing Note and Mortgage. (*See id*. at ¶ 21.) Plaintiff further contends that Defendant Saucon "is in default of the Note and Mortgage due to its failure to make the required payments of principal and interest as and when due thereon." (*See id*. at ¶ 26.)

### a. **Entities and individual targeted by subpoenas.**

Whitehall Manor, Inc. is the tenant of Whitehall Property pursuant to a written lease between it and Defendant Whitehall. Whitehall Manor, Inc. utilizes the premises to operate personal care facility licensed by the Commonwealth of Pennsylvania. Saucon Valley Manor, Inc. is the tenant of Saucon Property pursuant to a written lease between it and Defendant Saucon. Saucon Valley Manor, Inc. utilizes the premises to operate a personal care facility licensed by the Commonwealth of Pennsylvania. Brookside Commercial Construction Co., Inc. is an entity that performed various maintenance at Whitehall Property and Saucon Property. Pennsylvania Venture Capital, Inc. is an entity that provided property maintenance supervision and other services for the

SL1 3832391v2 118398.00007

owner and operator of each of Whitehall Property and Saucon Property. Nimita Kapoor Atiyeh is the President of Whitehall Manor, Inc., and the President of Saucon Valley Manor, Inc.

The Defendants, owner and landlord of each facility, is not the operator and does not hold a license to operate either facility.

      b.    **Non-Party Respondents attempted to resolve this discovery dispute.**

On October 24, 2025, the Non-Party Respondents served Plaintiff with their objections. A true and correct copy of the Non-Party Respondents' Responses and Objections to Subpoenas are attached and marked as Exhibits F-J, respectively. Thereafter, on October 27, 2025 Plaintiff served counsel for the Non-Party Respondents with a "deficiency letter," attached as Exhibit K. In turn, counsel for the Non-Party Respondents wrote to Plaintiff and again explained the basis of their objections. A copy of this correspondence is attached as Exhibit L.

## II.    ARGUMENT

      a.    **This Court should quash each subpoena.**

This Court should quash the five subpoenas totaling 190 document requests because they demand information and documents that are irrelevant to Plaintiff's mortgage foreclosure actions and not proportional to the needs of the case. They also seek documents and information protected by HIPAA.

In analyzing a motion to quash, "the subpoenaing party must demonstrate that its requests fall within the general scope of discovery defined in rule 26(b)(1)." *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016) (citation omitted). "[A] showing of relevance can be viewed as a showing of need; for the purpose of prosecuting … a specific … action, one is presumed to have no need of a matter not relevant to the subject matter involved in the … action." *Spring Pharms., LLC v. Retrophin, Inc.*, Civ. A. No. 18-04553, 2019 WL 3731725, at *3 (E.D. Pa. Aug. 8, 2019)

3

(quotations omitted).  However, "the standards for nonparty discovery require a stronger showing of relevance tha[n] for simple party discovery." *Price v. County of Salem*, No. 1:22-cv-6042, 2024 WL 1006263, at *2 (D.N.J. Mar. 8, 2024) (quotation and citations omitted).

Even where demands seek relevant information, Fed.R.Civ.P. 45(d)(1) mandates the subpoenaing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  If a subpoena "subjects a person to undue burden," Fed.R.Civ.P. 45(d)(3)(iv) authorizes the Court to quash that subpoena.

Here, Plaintiff cannot show that its demands: (1) seek relevant materials or (2) are proportional to Plaintiff's needs.  Each action contains a single mortgage foreclosure count.  In Pennsylvania, a "mortgage foreclosure is an *in rem* proceeding which seeks the limited determination of whether a default warrants subjecting the mortgaged property to judicial sale." *In re Thomas*, 626 B.R. 793, 802 (Bankr. E.D. Pa. 2021).  To establish a claim for mortgage foreclosure, Plaintiff "must demonstrate the existence of an obligation secured by a mortgage, and a default on that obligation." *Wells Fargo Bank, N.A. v. 2600 E. Carson St. Assocs., L.P.,* No. 2:17-CV-00764-CRE, 2018 WL 1183220, at *2 (W.D. Pa. Mar. 7, 2018).

Documents responsive to the subpoenas, if any, would not support Plaintiff's allegations since the documents requested do not address whether a mortgage existed between Plaintiff and Defendant Whitehall or Defendant Saucon and if so, whether either defendant failed to pay such a mortgage.  The subpoenas seek discovery on a wide variety of matters that well exceed what is relevant or proportional to determining whether defaults occurred and if so, whether Plaintiff is entitled to foreclose.

Additionally, the subpoenas to Whitehall Manor, Inc. and Saucon Valley Manor, Inc. (the "Tenants") seek documents and information protected by HIPAA.  For example, Request 25 in the

4

subpoenas to the Tenants requests "All resident agreements and fee schedules." Producing this information would mean identifying every patient for whom the Tenants provide care, disclosing the type and/or level of care necessary for such patients, and detailing how much each patient is charged. These documents contain protected health information as defined by 45 C.F.R. § 160.103.

### b.    This Court should enter a Protective Order.

This Court should exercise its discretion and enter a protective order to protect Respondents "from annoyance, embarrassment, oppression, or undue burden or expense" since the subpoenas demand the production of irrelevant materials and confidential patient information. Fed. R. Civ. P. 26(c)(1). Factors considered when determining whether to issue a protective order include whether the information is sought for a legitimate purpose and whether disclosure of such information would violate any privacy interests. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 at 787 (3d Cir. 1994).

At minimum, the far-reaching document requests serve no legitimate purpose given they demand documents not relevant to Plaintiff's mortgage foreclosure claims. Requiring Respondents to search for potentially responsive documents will serve no purpose other than to unduly burden Respondents and cause them to incur unnecessary expenses.

### III.    CONCLUSION

Based on the foregoing, Respondents respectfully request that this Court quash each subpoena identified herein alternatively, enter a Protective Order in the form attached hereto.

5

                                        Respectfully submitted,

                                        STEVENS & LEE, P.C.

Date: October 30, 2025           By: *s/Elizabeth Ware*
                                              Elizabeth A. Ware, Esq.
                                              Attorney I.D. No. 312046
                                              111 North Sixth Street
                                              Reading, PA 19601
                                              (610) 478-2210
                                              Elizabeth.Ware@stevenslee.com

                                              *Counsel for Whitehall Manor, Inc., Saucon Valley Manor, Inc., Brookside Commercial Construction Co., Inc., Pennsylvania Venture Capital, Inc., and Nimita Kapoor Atiyeh*

SL1 3832391v2 118398.00007

## **CERTIFICATE OF SERVICE**

I, Elizabeth A. Ware, Esq., hereby certify that the foregoing document was electrically filed and served upon all counsel of record via the Court's CM/ECF system.


Date:  October 30, 2025               *s/Elizabeth Ware*
                                      Elizabeth A. Ware