IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEHIGH VALLEY 1 LLC** : | |
| : | **CIVIL ACTION** |
| : | |
| v. : | **NO. 24-2627** |
| : | |
| **WHITEHALL FIDUCIARY LLC** : | |
| : | |

| | |
|---|---|
| **LEHIGH VALLEY 1 LLC** : | |
| : | **CIVIL ACTION** |
| : | |
| v. : | **NO. 24-2709** |
| : | |
| **SAUCON TRUST** : | |

**MEMORANDUM OPINION**

**Henry, J.**                                                                                                    **December 5, 2025**

The instant matter involves two mortgage foreclosure actions brought by Plaintiff, Lehigh Valley 1 LLC ("Lehigh"), against Defendant, Whitehall Fiduciary LLC ("Whitehall"), and Defendant, Saucon Trust ("Saucon"). I appointed a receiver in May of 2025, and set discovery deadlines in September of 2025. Since then, the parties have had multiple discovery disputes and there are numerous motions pending filed by Plaintiff, the Receiver, and several non-parties. This opinion will address the motion to quash filed by 5 non-parties.

**I.   PENDING MOTION**

Non-parties Whitehall Manor, Inc., Saucon Valley Manor, Inc., Brookside Commercial Construction Co., Inc., Pennsylvania Venture Capital, Inc., Nimita Kapoor Atiyeh, filed a motion seeking to quash subpoenas served upon them by Plaintiff. Case No. 24-2627, Docket No. 136;

1

Case No. 24-2709, Docket No. 112[1]. As will be discussed more fully below, the non-parties' Motion to Quash will be denied.

## II. ANALYSIS

"A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007); *accord Frank v. Honeywell Int'l Inc.*, 2015 WL 4770965, at *4 (E.D. Pa. Aug. 13, 2015). First, the subpoenaing party must demonstrate that its requests fall within the general scope of discovery defined in Rule 26(b)(1), *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D.Pa.2014), meaning the subpoenaing party may only seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If the requests of the subpoenaing party fall under Rule 26(b)(1), then the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena. *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016). Rule 45(d)(3)(A) requires a court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

Regarding the non-parties' Motion to Quash, the exhibits to the motion show that Plaintiff seeks to subpoena a variety of operational and financial records from these entities. Specifically, Plaintiff seeks corporate and organizational documents, lease and occupancy

---

[1] The parties are reminded that case numbers 24-2627 and 24-2709 have been consolidated for all purposes. Accordingly, documents should ONLY be filed to case number 24-2627 to avoid confusion and duplicate filings.

documents, financial records, rent payment records, related party transactions, facility operations and regulatory compliance documents, communications regarding financial condition, documents related to the receiver, market analysis and insurance documents from WMI and SVM. Docket No. 136, Exs. A and B. As to Brookside Commercial Construction, Plaintiff seeks corporate structure documents, construction contracts, bidding and pricing information, financial records, documents regarding work performed and specific projects worked on, related entity transactions, communications, and compliance and safety documents. *Id*., Ex. C. Plaintiff seeks much of the same as to Pennsylvania Venture Capital, Inc., with the addition of management services agreements. *Id*., Ex. D. As to the individual non-party, Nimita Kapoor Atiyeh, Plaintiff seeks ownership and control documents, financial records, lease and operational documents, related party transactions and communications. *Id*., Ex. E. As to WMI and SVM, Plaintiff has set forth 42 document requests each. For Brookside, Plaintiff has 52 document requests and has 35 requests for Pennsylvania Venture Capital. Lastly, as to Atiyeh, Plaintiff has proposed 19 document requests. This amounts to a total of 190 document requests directed to these 5 non-parties.

      In their Motion to Quash, the non-parties argue that Plaintiff's subpoenas should be quashed because "they demand information and documents that are irrelevant to Plaintiff's mortgage foreclosure actions and are not proportional to the needs of the case," and that Plaintiff also seeks "documents and information protected by HIPAA." Docket No. 136, p. 3. The non-parties argue that Plaintiff cannot show that its subpoenas seek relevant materials, as this case involves 2 mortgage foreclosure actions which only require Plaintiff to demonstrate the existence of an obligation secured by a mortgage and a default on that obligation. The non-parties claim

3

that documents that are responsive to Plaintiff's subpoenas do not address whether mortgages existed and whether Defendants failed to pay said mortgages and are therefore irrelevant.

However, I find that the information sought by Plaintiff is directly relevant to multiple issues in this matter, and discovery should not be limited to the existence of mortgages and defaults. Rather, Plaintiff has legitimate questions regarding Defendants' financial situation which are relevant to Defendants' ability to cure their alleged defaults, the value and condition of the mortgaged properties, Defendants' affirmative defenses and the relationships between Defendants and their tenants, WMI and SVM. Accordingly, I find Plaintiff's subpoenas seek relevant information and comply with Fed. R. Civ. P. 26(b)(1).

The non-parties also argue the subpoenas should be quashed because they seek documents from WMI and SVM that are protected by HIPAA. They argue that because WMI and SVM operate personal care facilities and one of Plaintiff's requests seeks resident agreements and fee schedules, producing this information would mean identifying every patient in their care, disclosing the type and level of care that patient receives and setting forth how much that patient is charged. Accordingly, the non-parties argue that documents that contain this information contain protected health information that may not be produced pursuant to HIPAA.

I find this objection to be utterly meritless. Assuming *arguendo* that WMI and SVM are considered covered entities under HIPAA (which is doubtful), HIPAA contains an explicit carve out provision that permits disclosure pursuant to "an order of a court." See 45 C.F.R. § 164.512 (e)(1)(i). Therefore, the non-parties cannot hide behind HIPAA to avoid disclosing information regarding their occupants, and this information must be produced to Plaintiff. However, out of an abundance of caution, I will permit WMI and SVM to redact all names and identifying details of individual residents prior to producing these documents in response to Plaintiff's subpoena. In

addition, the non-parties briefly mention that some of the subpoenaed records may be subject to attorney-client privilege or work product protections. Accordingly, the non-parties may withhold all documents that are subject to the attorney-client privilege or work product protection, but they must produce a privilege log describing the withheld documents.

Lastly, the non-parties make a brief argument regarding the alleged undue burden Plaintiff's 190 requests place upon them. I recognize that Plaintiff's requests are somewhat extensive, and I am certain that Plaintiff can pare them down. Accordingly, I direct that Plaintiff's subpoenas may contain no more than 30 requests directed to each separate non-party. If Plaintiff believes it needs additional requests for certain non-parties, Plaintiff will need to file a motion with the Court seeking such relief.

### III. <u>CONCLUSION</u>

For all the reasons set forth above, I find that the non-parties' Motion to Quash should be denied, and the documents requested by Plaintiff should be produced subject to the limitations set forth in this opinion. An appropriate order follows.