IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEHIGH VALLEY 1 LLC** | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-2627 |
| | : | |
| **WHITEHALL FIDUCIARY LLC** | : | |
| | : | |

| | | |
|---|---|---|
| **LEHIGH VALLEY 1 LLC** | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-2709 |
| | : | |
| **SAUCON TRUST** | : | |

**MEMORANDUM OPINION**

**Henry, J.**                                                                                                       **December 9, 2025**

The instant matter involves two mortgage foreclosure actions brought by Plaintiff, Lehigh Valley 1 LLC, against Defendant, Whitehall Fiduciary LLC, and Defendant, Saucon Trust. I appointed a receiver in May of 2025, and set discovery deadlines in September of 2025. Since then, the parties have had multiple discovery disputes. This opinion will address the motion to enforce compliance with subpoenas filed by the Receiver.

**I.      PENDING MOTION**

The Receiver in this matter served identical subpoenas on Whitehall Manor, Inc., and Saucon Valley Manor, Inc., (collectively "Tenants") on September 3, 2025. Tenants responded with objections to every request but offered to produce their leases and the amount of rent payments only. Thereafter, the Receiver filed a motion seeking to compel full and complete production of the materials requested in the subpoenas to WMI and SVM. Case No. 24-2627, Docket No. 141; Case No. 24-2709, Docket No. 118. Defendants have agreed to produce certain

1

materials, and the Receiver's motion will be granted as to the remaining subpoenaed information.

## II. ANALYSIS

The Receiver was appointed in this matter to take control of two Properties that consist of two personal care homes, including management and operations of those Properties. The Properties are operated by Tenants, WMI and SVM. In the order that was entered appointing the Receiver, the Receiver was given the authority to "demand" and "collect" the "rents, income, revenues, proceeds and profits derived from tenants . . . their sublessees or any occupants in possession." See Order, ¶6(a). The Order also states that the Receiver has the authority to take possession of all records related to "management or operation of the Propert[ies] . . . in the possession of or reasonably available to Whitehall, Saucon, or their property managers." *Id.* In addition, the Order stated that Defendants and "all persons acting under their direction are ordered to immediately deliver to Receiver . . . (e) a current list of occupants of the Properties." *Id.*, ¶11(e).

In its efforts to determine the rental income for the Properties and information regarding occupants of the Properties, Receiver served WMI and SVM with subpoenas to produce documents. Docket No. 141, Exs. A and B. These subpoenas contained only 10 requests and sought management and vendor documents, employee documents and payroll, rent rolls, amount of rent paid by occupants, financial documents, insurance policies and communications regarding lease amendments to the Properties. *Id.* In response to the subpoenas, Tenants made general objections, then objected to every request for production, offering only to produce their leases and the amount of rent payments.[1]

---

[1] The Receiver attempted to obtain the subpoenaed information directly from the Defendants, Whitehall and Saucon. However, Defendants maintained that the documents in question belong to Tenants, WMI

2

The law regarding the subpoenaing of non-parties was set forth in my recent opinion on the non-parties' motion to quash and I will not reiterate here. The Receiver's Motion to Compel argues that the subpoenaed documents are relevant to the duties of the Receiver as set forth in the Receivership Order and are not unduly burdensome or costly. Specifically, the Receiver argues that the subpoenas to WMI and SVM seek information directly tied to its obligations set forth in the Receivership Order to manage rents and profits of the Properties.

In response, Tenants argue that the documents sought by the Receiver are not relevant in a mortgage foreclosure action, as they are not related to the existence of a mortgage or a default on that mortgage. In Tenants' view, the Receiver is only entitled to documents relevant to the underlying action and is not entitled to documents that are relevant to the duties of the Receiver set forth in the Receivership order. Tenants are willing to produce documents "concerning the management, maintenance, repair, and improvements of the Properties," as well as a privilege log, but argue that any further production of documents would be unduly burdensome as the requests seek irrelevant information and would require "unnecessary and substantial expenditure of time and expense." Docket No. 146, pp. 11-13. Lastly, as argued by the non-parties in their motion to quash, Tenants argue that compliance with the Receiver's subpoenas will violate HIPAA.

First, I have not found a case that limits a Receiver's right to obtain subpoenaed information to only information that is relevant to the underlying action in which the Receiver has been appointed. This would create an absurd result, as it would limit a Receiver to seeking the same information Plaintiff would seek in litigating the underlying action. That result is clearly not what was intended by the Receivership Order, as it gave the Receiver the right to seek

---

and SVM, and not Defendants, and that any responsive documents are in the possession of Tenants. Therefore, the Receiver prepared subpoenas to WMI and SVM.

information necessary to effectuate its duties, such as the duty to collect rent from occupants of the Properties. I find that documents that contain the names, contact information and rental amounts of the Properties' occupants are relevant to the Receiver's fulfillment of its duty to collect rent in this matter. Accordingly, I find the Receiver's subpoenas seek relevant information and comply with Fed. R. Civ. P. 26(b)(1). Also, I do not find the Receiver's subpoenas to be unduly burdensome to Tenants, as they consist of only 10 requests, and the Receiver has offered to pay Tenants for the costs for copying the responsive records.

Further, as set forth in my opinion on the non-parties' motion to quash, the Receiver's subpoenas do not seek documents from Tenants that are protected by HIPAA. HIPAA contains an explicit carve out provision that permits disclosure pursuant to "an order of a court." See 45 C.F.R. § 164.512 (e)(1)(i). Therefore, Tenants cannot rely on HIPAA to avoid disclosing occupant information to the Receiver. I note that I also ordered production of occupant information in response to Plaintiff's subpoenas to Tenants but permitted them to redact all names and identifying details of individual residents prior to production. As to the Receiver's subpoena, this redaction will not be permitted, as the Receiver needs the contact information of the occupants to fulfill its duties under the Receivership Order. I will, however, permit WMI and SVM to produce these non-redacted records containing occupant names to the Receiver only to alleviate Defendants' concerns regarding Plaintiff having access to this information. WMI and SVM may also withhold all documents that are subject to the attorney-client privilege or work product protection, but they must produce a privilege log describing the withheld documents.

### III. CONCLUSION

For all the reasons set forth above, I find that the Receiver's Motion to Compel Compliance with Subpoenas should be granted, and the documents requested by the Receiver

should be produced subject to the limitations set forth in this opinion. An appropriate order follows.