## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEHIGH VALLEY 1 LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION | : <br> : <br> : CIVIL ACTION <br> : <br> : <br> : <br> : <br> : NO. 24-2627 <br> : |
| v. | : <br> : |
| WHITEHALL FIDUCIARY LLC, as TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007 | : <br> : <br> : |

| | |
|---|---|
| LEHIGH VALLEY 1, LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION | : <br> : <br> : CIVIL ACTION <br> : <br> : <br> : NO. 24-2709 <br> : |
| v. | : <br> : |
| SAUCON TRUST, U/T/A DATED OCTOBER 1, 2007 | : <br> : |

## ORDER

**AND NOW**, this 19th day of December, 2025, upon consideration of Receiver's Motion for Sanctions (the "Motion for Sanctions"), the Responses filed by Defendants Whitehall Fiduciary LLC ("Whitehall Trust") and Saucon Trust and Non-Parties Nimita Kapoor Atiyeh and Abraham Atiyeh (collectively, "Respondents"), the Receiver's Reply in Further Support of the Motion, along with Receiver's Affidavit setting for the amount of attorneys' fees and costs incurred in the preparation, filing and presentment of the Motion for Sanctions, and upon consideration of Plaintiff's Motion to Void and Set Aside Lease Amendments and for Declaratory Judgment ("Motion to Void Amendments'), and the Response thereto, the oral argument held in Court on December 18, 2025,

and the concessions, admissions and statements made by the Parties, and the Court having found that Respondents have each violated the September 2, 2025 Order by failing to produce documents ordered to be produced in the aforementioned Order; it is hereby **ORDERED** as follows:

1. The Receiver's Motion for Sanctions (Docket No. 102, Case No. 24-2709) is **GRANTED**.

2. On or before December 29, 2025, Respondents shall produce each and every document ordered to be produced by this Court's Order dated September 2, 2025. Respondents are each deemed to have possession, control or the practical ability to obtain the documents, and may not claim that they cannot obtain the documents ordered to be produced.

3. On or before December 29, 2025, Respondents shall pay to Receiver the sum of $21,281.00 to compensate her for the preparation, filing and presentment of the Motion for Sanctions.

4. Receiver shall file a Report to the Court on or before January 2, 2026, indicating whether Respondents have complied with the requirements of the above paragraphs 2 and 3. If it is reported in the Report that Respondents have not complied with requirements of paragraphs 2 and 3, the Court will consider striking Defendants' Answer and Affirmative Defenses and entering Judgment of Foreclosure and Sale in favor of Plaintiff and against Defendants.

5. On or before December 29, 2025, Respondents, Whitehall Manor, Inc. and Saucon Valley Manor, Inc. are directed to turn over to Receiver any rental payments received from October 31, 2025 (the date Good Shepherd Rehabilitation Hospital was directed to make payments to the Receiver). This includes rent received from Good Shepherd Rehabilitation Hospital only.

6.      Respondents, Whitehall Manor, Inc. and Saucon Valley Manor, Inc. are restrained from interfering with Receivers' efforts to collect rent, licensing fees, other occupancy fees or income of any sort from any and all occupants of the Properties. As agreed to by the Parties, any rent, licensing fee, occupancy fee or income of any sort that is or was paid to Respondents, Whitehall Manor, Inc. or Saucon Valley Manor, Inc. or any other entity over which Respondents, Whitehall Manor, Inc. or Saucon Valley Manor, Inc. have an interest or otherwise control, for rent or fees due and owing for January of 2026 and thereafter, shall be turned over to Receiver within 3 days of the date of this Order (in the case where money has already been received) or within 3 days of receipt (in the case where money is hereinafter received), along with a complete accounting of the source of the money received.

7.      Plaintiff's Motion to Void and Set Aside Lease Amendments (Docket No. 92, Case No. 24-2627) is **GRANTED**.

8.      The Sixth Amendment to Lease Agreement executed on September 21, 2023, affecting the property at 1050 Main Street, Unit #1, Hellertown, Pennsylvania, and the Fourth Amendment to Lease and Memorandum of Lease Extension executed on September 21, 2023, affecting the property at 1177 Sixth Street, Whitehall, Pennsylvania (the "Amendments"), are hereby **DECLARED NULL**, **VOID**, and **OF NO LEGAL EFFECT**.

                                        **BY THE COURT:**


                                        /s/ Catherine Henry
                                        **CATHERINE HENRY, J.**